UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ERIK MATTSON, individually and on behalf
of all others similarly situated,

        Plaintiff,                             Case No. 3:18-CV-00989-YY

      v.                                      OPINION AND ORDER

QUICKEN LOANS, Inc.,

        Defendant.

YOU, Magistrate Judge:

        Plaintiff Erik Mattson ("Mattson") brings this putative class action against Quicken Loans, Inc. ("Quicken Loans") for violations of the Telephone Consumer Protection Act of 1991 ("TCPA"). On June 5, 2018, Mattson amended his complaint to add a second TCPA count for violation of 47 C.F.R. § 64.1200(d) without first seeking leave of court. Quicken Loans has filed a Motion to Strike or Dismiss the Second Cause of Action. ECF #13. In response, Mattson has moved to amend the complaint to add the second claim. The parties agree that the matter has been fully briefed. Given the liberality of FRCP 15(a), the motion for leave to amend is GRANTED, and the motion to strike is DENIED as moot.[1]

---

[1] Because the court is granting Mattson's motion to amend, it is a non-dispositive motion that does not require findings and recommendations. *U.S. Dominator, Inc. v. Factory Ship Robert E.*

**PROCEDURAL AND FACTUAL BACKGROUND**

On November 16, 2017, Mattson filed a complaint against Quicken Loans and three of its competitors in case 3:17-cv-01840[2] (the "17-1840 Complaint"). The 17-1840 Complaint alleged a single count violation of the TCPA under 47 U.S.C. § 227(c) and included a lengthy discussion of implementing regulation 47 C.F.R. § 64.1200(d), which requires telemarketers to have internal procedures for tracking do-not-call requests. Mattson specifically alleged that "[d]efendants violated 47 C.F.R. § 64.1200(d) by initiating calls . . . without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them." 17-1840 Compl. ¶¶ 83-86, 17-1840 EFC #1. Despite this allegation, Mattson did not plead a claim under 47 C.F.R. § 64.1200(d).

Quicken Loans and the other named defendants moved to dismiss the 17-1840 Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim under FRCP 12(b)(1), (2), and (6). 17-1840 ECF ##17, 43, 44, 47. By order dated March 13, 2018, this court held the motion to dismiss in abeyance to allow Mattson to file a motion to amend and, pursuant to LR 15-1, to attach a proposed amended complaint to remedy deficiencies that had been outlined by the court. 17-1840 ECF # 56. The 47 C.F.R. § 64.1200(d) allegations were not addressed in the motion to dismiss or in the court's order.

In accordance with the court's order, Mattson filed a motion to amend in the 17-1840 case and attached a proposed First Amended Complaint ("FAC"). 17-1840 ECF #60. The FAC asserted a single-count violation of 47 U.S.C. § 227(c) and included the same language alleging

---

*Resoff*, 768 F.2d 1099, 1102 n. 1 (9th Cir.1985), superseded by statute on other grounds as recognized in *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170 (9th Cir.1996) (noting that the plaintiff's motion for leave to amend its Complaint was properly treated as a nondispositive motion when the magistrate judge granted the plaintiff's motion)).

[2] For ease of reference, this case will be referred to as "17-1840" in this opinion.

that the defendants had violated 47 C.F.R. § 64.1200(d), without purporting to state a claim under that section. FAC ¶¶ 43, 146-49, 17-1840 ECF #60. Mattson's counsel represented to the court that "[w]e are not alleging violations of the internal do-not-call regs, just the single violations of the National Do-Not-Call Registry regulations." Tr. 9:12-18, 17-1840 ECF #81.

By order dated June 7, 2018, this court granted the motion to amend and ordered Mattson to sever the allegations and file cases against each of the defendants individually, as four separate actions with unique case numbers. 17-1840 ECF #80. The order expressly found that the FAC did not state a claim under 47 C.F.R. § 64.1200(d) on the basis of Mattson's representations and the court's own observation that the FAC did not plead facts to support such a claim. *Id*.

Mattson then filed his complaint in the severed action against Quicken Loans (case no. 18-989), alleging a second count and defining a subclass. Compl. ¶¶ 70, 95-100, ECF #1. Mattson alleges that he was contacted by Quicken Loans on September 1, 2017, September 3, 2017, September 4, 2017, September 6, 2017, November 16, 2017 and November 20, 2017. *Id*. at ¶¶ 37, 45, 46, 48-50, 67. During the September 6, 2017 call he asked not to be called again. *Id*. at ¶¶ 48, 67. Mattson alleges that these calls were "initiated without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them," in violation of 47 C.F.R § 64.1200(d). *Id*. at ¶ 96.

Quicken Loans has filed a motion to strike or dismiss the second count, asserting that it was filed without leave of court in violation of FRCP 15 and fails to state a claim upon which relief can be granted. Mot. Strike, ECF #13. Mattson has asked this court for leave to amend the complaint, both in his response and by oral motion at the hearing. Resp. at 14, ECF #16. The parties have agreed that the matter may be resolved without further briefing.

# DISCUSSION

The decision to grant or deny leave to amend is within the sound discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15 advises that "leave shall be freely given when justice so requires." FRCP 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma County Ass'n of Retired Employees v. Sonoma County,* 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman,* 371 U.S. at 182); *see e.g., Redon v. Ruiz*, 2016 WL 3406126, at *4 (S.D. Cal. June 21, 2016) (finding sufficiently strong showing of the *Foman* factors to overcome the presumption in favor of granting leave where plaintiff sought to amend for the fourth time to add 14 new claims and two new defendants). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original).

## I.     Futility

The test for futility is the same as the standard used for a motion to dismiss under Rule 12(b)(6). *Fulton v. Advantage Sales & Marketing*, LLC, No. 3:11–cv–01050–MO, 2012 WL 5182805 at *2 (D. Or. Oct. 18, 2012). "A proposed amended complaint is futile if it would be immediately 'subject to dismissal.'" *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011) (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)), aff'd on reh'g en banc on other grounds, 681 F.3d 1041 (9th Cir. 2012). "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)).

Section 64.1200(d) prescribes procedures for maintaining internal do-not-call lists for entities that place telemarketing calls. In particular, subsection (d)(3) provides that an entity making calls to a residential phone for telemarketing purposes "must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request." 47 C.F.R. § 64.1200(d)(3).

Courts have inferred that internal do-not-call procedures are deficient when calls to an individual who has requested not to be called continue. Allegations of calls beyond the 30-day safe-haven have been held to be sufficient to state a claim under 64.1200(d). In *Rorty v. Quicken Loans Inc.*, for example, the plaintiff informed Quicken Loans that he was registered on the DNC list and had requested not to be called again, but the calls persisted. 2012 WL 12886842, at *7 (C.D. Cal. July 3, 2012). The court held that the plaintiff had adequately alleged TCPA violations and denied Quicken Loan's motion to dismiss. *Id.*; *see also Nece v. Quicken Loans, Inc.*, 2017 WL 2865047, at *2 (M.D. Fla. Jan. 3, 2017) ("Quicken's alleged failure to honor within a reasonable time Nece's request that Quicken stop calling her supports the inference that Quicken's do-not-call policy fails to comply with Section 64.1200(d)); *Andrews v. All Green Carpet & Floor Cleaning Serv.*, 2015 WL 3649585, at *5 (C.D. Cal. June 11, 2015) ("[D]ue to the volume of calls placed by, or on behalf of, [d]efendants to Andrews, either [d]efendants had blatantly inadequate safeguards in place to ensure compliance with the TCPA or they simply did not care[.]"); *Kazemi v. Payless Shoesource Inc.*, 2010 WL 963225, at *3 (N.D. Cal. Mar. 16,

2010) ("In addition, plaintiff alleges that he continued to receive unsolicited text messages from defendants after requesting removal of his telephone number from their calling list. Taken as true, this allegation supports a plausible inference that defendants failed to institute procedures for maintaining lists of individuals who request not to receive solicitation calls in violation of a regulation prescribed under section 227(c).")

In the June 7, 2018 order, this court found that Mattson had failed to plead facts to support a claim under 47 U.S.C. § 64.1200(d). 17-1840 ECF #80. In the FAC, Mattson alleged only that he was on the national do-not-call registry, a fact that is sufficient for a section 227(c) claim but not a section 64.1200(d) claim. FAC ¶ 47, 17-1840 ECF #60. However, the complaint filed in this action includes additional allegations that cure the deficiency. In paragraphs 33 and 48 of the new complaint, Mattson specifically alleges that he told Quicken Loans to stop calling. Comp. ¶¶ 33, 48, ECF #1. With the additional fact that he was repeatedly called beyond 30 days after a specific request not to be called, this court can infer the lack of adequate internal procedures and sustain a 47 C.F.R. § 64.1200(d) claim.

Quicken Loans relies on *Nece*, a case from the Middle District of Florida, in which the court found that its internal procedures were adequate. In *Nece*, the court noted that "[t]hrough thirteen months of discovery (including several depositions of Quicken's corporate representatives), [the plaintiff] uncovered no evidence that Quicken failed to implement a do-not-call procedure compliant with Section 64.1200(d)(3)." 292 F.Supp.3d at 1284. However, there is no connection or privity between *Nece* and Mattson's case such that Mattson is bound by the decision in that case. Moreover, the relevant time frame in that case was 2012, five years earlier than the time period at issue in this case. During that time, Quicken Loan's internal procedures may have changed. This court is not bound to infer that they have not; rather, at this

stage, the court is bound to draw all inferences in plaintiff's favor. As discussed above, the repeated calls suggest there was some breakdown in the internal procedures, and Mattson therefore should be permitted relevant discovery.

## II.     Additional *Foman* Factors

This court cannot find sufficiently strong evidence of undue delay, bad faith, repeated failure to cure deficiencies, or undue prejudice to overcome the presumption in favor of granting leave to amend. While Mattson could have brought his claims earlier, "this alone does not warrant denying leave to amend." *Nextdoor.com, Inc. v. Abhyanker*, 2013 WL 6512480, at *2 (N.D. Cal. Dec. 12, 2013).

Courts have declined to find the requisite delay where, as here, discovery is just beginning. *See Digimarc Corp. v. Signum Technologies Ltd.*, 2001 WL 34043751, at *2 (D. Or. May 23, 2001) (finding no undue delay where discovery is just beginning and dispositive motion deadline is not imminent); *Sharkey v. Home Depot USA, Inc.*, 2001 WL 811031, at *2 (D. Or. May 17, 2001) (finding no undue delay where discovery was ongoing and depositions had yet to be taken). Moreover, this court is not persuaded that Mattson delayed in order to gain an unfair advantage. Mattson alleges that while preparing the severed complaints, he had the opportunity to evaluate the facts against Quicken Loans specifically, as distinct from the other defendants, and to review the decision in *Orsatti v. Quicken Loans*, 2016 WL 7650574, at *7-8 (C.D. Cal. Sept. 12, 2016). It was after this review that he realized he could state a claim under 47 C.F.R § 64.1200(d). Decl. of John P. Kristensen ¶ 2, ECF #17. The claim was not pursued in the other severed cases, where it was not factually supported. Opp. 4, ECF #16. Although Mattson could have pleaded this claim in his initial complaint, there is nothing in the record to indicate bad faith or a wrongful motive. *See Griggs v. Pace Am. Grp., Inc.,* 170 F.3d 877, 881 (9th Cir. 1999)

(noting that bad faith exists where the proposed amendment "will not save the complaint or the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories").

Asserting prejudicial delay, Quicken Loans alleges "the prejudice [Mattson] has caused by delinquently trying to add [c]ount 2 is particularly acute because Quicken Loans has called upon [p]laintiff to assert facts specific to Quicken Loans since day one of this lawsuit, some nine months ago." Reply 7, ECF #18. However, delay must be substantial before it can be said to unduly prejudice a party. *Sharkey v. Home Depot USA, Inc.*, 2001 WL 811031, at *2 (D. Or. May 17, 2001) (*citing Coleman v. The Quaker Oats Co.*, 232 F.3d 1271 at 1294–95 (9th Cir. 2000)) (granting leave to file a fourth amended pleading 10 months after the case was initiated); *see also Texaco Inc. v. Ponsoldt,* 939 F.2d 794, 799 (9th Cir. 1991) (affirming denial of motion for leave to amend where moving party sought amendment "eight months after the district court granted summary judgment against it, and nearly two years after filing the initial complaint"); *Barringer v. Clackamas County*, 2012 WL 1574817, at *2 (D. Or. May 3, 2012) (finding prejudice where amendment would require the court to delay trial a second time); *Tyson v. Oregon Anesthesiology Group, P.C.*, 2007 WL 1731475, at *5 (D. Or. June 13, 2007) (finding new claims twenty-nine months after the case was initiated and "in the wake of expansive efforts undertaken by the court and the parties to identify, frame, and evaluate plaintiff's existing claims" are prejudicial). Here, where discovery is just beginning and the delay is not commensurate with cases in which delay was found to be prejudicial, this court cannot conclude that Mattson should be denied the opportunity to have his claims evaluated on the merits. *See Moore v. Integrated Test Arizona Corp.*, 2010 WL 1333289, at *4 (D. Or. Mar. 29, 2010) (noting that while discovery is open, the prejudice is not so great as to warrant denying an opportunity to try claims on the merits).

The final *Foman* factor in determining the propriety of granting leave to amend is whether "the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). This court shares Quicken Loans' frustration that it has been forced to expend time and resources to brief "the sufficiency of plaintiff's pleadings on three separate occasions." Reply 10, ECF #18. There can be no doubt, given the references to 47 C.F.R. § 64.1200(d) in previous pleadings, that Mattson was aware of this claim when he filed the initial complaint. This is, however, the first complaint directed at Quicken Loans individually and the previous briefing has been focused on the appropriateness of severance and sorting out the sufficiency of allegations against each defendant. Because the complaint as amended states a claim under 47 C.F.R. § 64.1200(d), and Quicken Loans has not identified deficiencies that Mattson has failed to remedy, this court finds that the existence of two previous amendments at this early stage of the litigation does not overcome the presumption in favor of granting leave to amend.

## CONCLUSION

For the foregoing reasons, Mattson's motion for leave to amend the complaint, made orally at the hearing and asserted in his briefing, is GRANTED. Accordingly, the motion to strike (ECF #13) is DENIED as moot.

IT IS SO ORDERED.

DATED October 22, 2018.

/s/ Youlee Yim You

Youlee Yim You
United States Magistrate Judge