UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


ERIK MATTSON, individually and on
behalf of all others similarly situated,

                    Plaintiff,                                Case No. 3:18-cv-00989-YY

          v.                                                 ORDER

QUICKEN LOANS, INC.,

                    Defendant.


YOU, Magistrate Judge:

On February 12, 2019, counsel to Erik Mattson ("Mattson") requested a telephonic

discovery conference in the above-captioned action to address Quicken Loans, Inc.'s ("Quicken

Loans") FRCP 26 initial disclosures.  On February 13, 2019, Mattson's counsel requested a court

order concerning the scheduling of depositions for Mattson and his wife, Jessica Mattson.  On

February 15, 2019, Quicken Loans provided letters to the court responding to Mattson's written

requests.  Copies of the correspondence concerning the initial disclosures are attached to this

order as Exhibit 1, and copies of the correspondence concerning deposition scheduling are

attached to this order as Exhibit 2.

Despite seeking the court's assistance with these matters, S. Amanda Marshall, the

attorney who had requested the hearing, did not appear at the telephonic discovery hearing

scheduled for February 19, 2019, at 10:00 am.  Counsel for Quicken Loans, James Laurick and

W. Kyle Tayman, were present on the telephonic conference.  One of Mattson's attorneys,

Gregory Zeuthen, was also present on the telephone, but understandably he was not prepared to

address the issues, as he was not the attorney who raised the matter with the court.  Having

engaged in an unsuccessful effort to locate Marshall, the court issues this order based on the

parties' written submissions.

 With respect to the Rule 26 disclosures, the court finds that Mattson failed to comply

with the obligation to meet and confer pursuant to Local Rules 7-1(a) and 26-3(g).  In a letter

dated February 7, 2019, counsel for Quicken Loans stated his position on the initial disclosures

and invited Mattson's counsel to contact him to discuss the issues further.  Rather than accept

this invitation to confer in person or by telephone as required, Mattson sought the assistance of

the court.

 Regardless, the court finds that Quicken Loans has satisfied its disclosure obligations in

accordance with Rule 26.  Mattson complains that Quicken Loans has failed to identify a witness

who can provide a first-hand account of the operations and dated content of the website upon

which it relies.  However, as Quicken Loans has explained to the court, it "understandably" does

not currently have the very specific information that Mattson seeks, and nevertheless, this is not

the kind of detailed information required in initial disclosures.

 Additionally, Mattson's request that the court order a consolidated deposition for Mattson

is denied.  There is no allegation linking Quicken Loans' activity with that of other lenders sued

in separate actions and, although there may be common testimony concerning consent, each

lender is alleged to have had its own interaction with Mattson.

Finally, in recognition of the parties' apparent agreement that Quicken Loans can depose Mattson during the week of March 18, 2019, fact discovery in this action is extended one week to March 22, 2019, and the dispositive motion deadline is likewise extended to April 22, 2019.

IT IS SO ORDERED.

DATED  February 19, 2019.

/s/ Youlee Yim You

_____

Youlee Yim You
United States Magistrate Judge

# MAC Law | **Marshall Advocacy Center**
S. AMANDA MARSHALL  LLC

February 12, 2019

<u>Via Email</u>
Honorable Youlee Yim You
Magistrate Judge
United States District Court
District of Oregon
Mark O. Hatfield United States Courthouse
1000 Southwest Third Avenue
Portland, Oregon 97204
Email: trish_hunt@ord.uscourts.gov

  Re:  **Erik Mattson v. Quicken Loans, Inc.; Case No. 3:18-cv-00989-YY**

Dear Magistrate Judge You:

  Please allow this correspondence to serve as plaintiff Erik Mattson's ("Mattson") request for a telephonic discovery conference addressing defendant Quicken Loans, Inc.'s ("Quicken Loans") failure to comply with Fed. R. Civ. P. 26 requirements and disclose witness and documents that will be used in support of its affirmative defense of prior express consent, invitation or permission.

  Quicken Loans contends it has no obligation to identify witnesses and documents that it "may use to support its claims or defense" pursuant to mandate of Rule 26(a)(1)(A) because, as it stated in its response to our request: "we disagree with your summary of what Quicken Loans purportedly must prove in this lawsuit. Plaintiff, of course, has the burden to prove all elements of the claim in this action."

## QUICKEN LOANS ASSERTED PRIOR EXPRESS CONSENT,  INVITATION OR PERMISSION AS ITS ELEVENTH AFFIRMATIVE DEFENSE

  In the Answer filed by Quicken Loans on November 5, 2018 Quicken Loans asserts as its Eleventh Affirmative Defense, the following: *"Plaintiff's claims are barred because, upon information or belief, he, someone acting on his behalf, and/or another owner or user of the -1930 number consented to and invited the challenged calls."* (Dkt. No. 26.)

  Prior express consent, invitation or permission is an affirmative defense to Plaintiff's TCPA violation claims and as such, Quicken Loans has the initial burden to disclose witnesses and documents pursuant to Quicken Loans' the affirmative defenses it

---

Exhibit 1 - Page 1

has raised. 64 C.F.R. § 1200(c)(2)(ii) sets forth the elements of the defense raised by Quicken Loans:

"It has obtained the subscriber's prior express invitation or permission. Such permission must be evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed."

### QUICKEN LOANS BEARS THE BURDEN OF PROOF ON ITS AFFIRMATIVE DEFENSE

"Express consent is not an element of a plaintiff's prima facie case but is an affirmative defense for which the defendant bears the burden of proof." *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017) (See *Ture Health Chiropractic, Inv. V. KcKesson Corp.*, 896 F.3d 923, 931 (9th Cir. 2018 (holding that "prior invitation of permission standard for "unsolicited faxes" is an affirmative defense on which Defendant bears the burden of proof).

Quicken Loans has indicated that it will file a summary judgment motion as to Plaintiff's individual claims based on this defense.

### RULE 26 INITIAL DISCLOSURE REQUIREMENTS

Rule 26(a)(1)(A) provides that "a party must, without awaiting a discovery request, provide to the other parties: (i) the names and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; (ii) a copy—or a description by category or location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment."

### QUICKEN HAS NOT IDENTIFIED A WITNESS WHO CAN PROVIDE A FIRST-HAND ACCOUNT OF THE OPERATIONS AND DATED CONTENT OF THE WEBSITE IT RELIES ON

In this matter, though Quicken Loans claims that it received prior express consent, invitation or permission to contact Plaintiff when Plaintiff was on the website: www.minutemortgagequotes.com, Quicken Loans has failed to identify a witness who could establish that material fact. For example, a witness to the management or operation of the website, a person who wrote the source code for the website, or who can authenticate and explain where the data with the purported permission was captured.

Quicken Loans has produced documents from a third party, QuinStreet, with whom they had a business relationship, but it has not provided any evidence that would enable a person from QuinStreet to authenticate documents from Save Big Leads. Further, Quicken Loans failed to identify its contract with Save Big Leads and failed to identify who owns and operates

www.minutemortgagequotes.com. Plaintiff was only able to discover that matter after finding a case in Maryland where the defendant purported consent.[1]

Plaintiff has met and conferred with Quicken Loans who incorrectly states that it has no obligation to identify witnesses pertaining to www.minutemortgagequotes.com regarding its affirmative defense.

In contrast, Quicken Loans has required Plaintiff to continuously update his Initial Disclosures based on information Plaintiff has learned through extensive discovery efforts. Quicken Loans is required to identify all of the witnesses and documents it intends to use as support for its affirmative defenses. Discovery is a reciprocal burden based on the policy that the search for truth should be aided. *Tiedman v. American Pigment Corp.*, 253 F.2d 803 (4t Cir. 1958).

If Quicken Loans is not disclosing the evidence because it doesn't have the evidence or the evidence doesn't exist, Plaintiff is entitled to know that so that he may adequately address the matter via a dispositive motion as to Quicken Loans' affirmative defense. Plaintiff must have the opportunity to conduct timely discovery on the withheld information or Quicken may not produce the evidence in support of its dispositive motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 424, 248 (1986); *see also Providence Health Plan v. Charriere*, 666 F.Supp.2d 1169, 1182 (D. Or. 2009) (granting in part plaintiff's summary judgement motion because, among other things, defendant "fail[ed] to create the necessary, or ay, factual record in support of" its affirmative defense of unclean hands). If Quicken Loans knows of anyone with discoverable evidence related to its affirmative defenses, it has to provide Plaintiff with their identity and contact information and identify all documents.

---

[1] The case in the District of Maryland is entitled *Cunningham v. Homeside Financial, LLC* (Case No. 1:17-cv-02088-MJG). In that matter, the class representative is a West Point graduate who received an "avatar style call" at March 23, 2017 at 2:27 p.m. EST that lasted for just over two minutes with a pre-recorded message referring to a mortgage refinance. This is the exact same type of call Mattson received. In that matter, the defendant claims that "Quality Control Information" shows the web quote request was verified on March 23, 2017 at 2:30 p.m. EST.

In both instances, individuals received incoming Avatar robocalls about mortgage refinancing **at the exact time** they were purportedly provided consent via the web quotes. That is not a coincidence. It is no evidence of consent. It is evidence that the Avatar call triggered the manufacturing of false consent from the ghost website. (See Ex. 8, Reply to Opposition to Motion to Dismiss without Prejudice, pp. 3–4.)

In the *Cunningham* matter, the defense lawyer provided more information including the IP address. It did not match that of Mr. Cunningham. Also, the data indicates it was verified just four (4) seconds after Mr. Cunningham purportedly visited the site. Mr. Cunningham denies he went to the site.

---

4545 SW Angel Avenue, Suite 104 • Beaverton, OR  97005

(503) 472-7190 • info@maclaw.law • maclaw.law

Exhibit 1 - Page 3

Plaintiff hereby requests a telephonic conference with the Court to promptly address this issue. Attached, are Quicken Loans Initial Disclosure's (1), Plaintiff's meet and confer (2) and Quicken Loans' response (3).

      Thank you for your consideration.

                Sincerely,

*S. Amanda Marshall*
S. Amanda Marshall

cc:    All counsel of record (via e-mail only)

Exhibit 1

Quicken Loans Initial Disclosure's

Exhibit 1 - Page 5

James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
Kilmer, Voorhees & Laurick, P.C.
732 NW 19th Avenue
Portland, Oregon 97209
Telephone: (503) 224-0055
Fax: (503) 222-5290

Attorneys for Defendant Quicken Loans, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ERIK MATTSON, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>     v.<br><br>QUICKEN LOANS, INC.,<br><br>        Defendant. | Case No. 3:18-cv-00989-YY<br><br>DEFENDANT QUICKEN LOANS INC.'S INITIAL DISCLOSURES |

Pursuant to Rule 26(a)(1)(A) and this Court's scheduling order (Dkt. No. 23), and without prejudice to its pending Motion to Strike or Dismiss Count II of Plaintiff's Amended Complaint (Dkt. No. 13) and its position that discovery on Count II is premature (and improper) pending the Court's resolution of the pending motion, Quicken Loans Inc. ("Quicken Loans") hereby provides its Rule 26(a)(1) initial disclosures with respect to Plaintiff's individual claim in Count I.

**GENERAL RESPONSES**

1.     In making these initial disclosures, Quicken Loans does not waive, but instead expressly reserves, any and all objections, including but not limited to those based on the

Page 1 - DEFENDANT QUICKEN LOANS INC.'S
        INITIAL DISCLOSURES

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19ᵗʰ AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Exhibit 1 - Page 6

attorney-client privilege, the work product doctrine, self-evaluation and self-test privileges, relevance, materiality, over-breadth, and/or the discoverability of information that Plaintiff Erik Mattson has sought or may seek in this action.

2.      Consistent with this Court's scheduling order (Dkt. No. 23), these initial disclosures pertain only to the individual claim brought by Plaintiff in Count I of the Amended Complaint.  Quicken Loans objects to providing disclosures concerning Count II, putative class members, and/or the issue of class certification at this time because, among other reasons, (a) such discovery has been deferred pursuant to the Court's scheduling order and Quicken Loans' Motion to Dismiss/Strike Count II remains pending, (b) no class has been certified, (c) Plaintiff has not filed any motion for class certification or otherwise disclosed all witnesses and documents he intends to rely upon in support of any motion for class certification, and (d) Plaintiff has not disclosed the witnesses or documents he intends to rely upon in support of the claims of any member of the class, if any, that may be certified in this action.  Quicken Loans is thus not in a position to know and/or identify all persons, entities and/or documents it may rely upon with respect to Count II, to oppose any class certification motion Plaintiff may file in the future, and/or to defend against the claims of any member of the class, if any, that may be certified in this action.  Accordingly, Quicken Loans reserves the right to supplement or amend these disclosures in the future to identify additional persons, entities and/or documents it may rely upon in defense of this matter, including at any time after the resolution of its pending Motion to Dismiss/Strike, Plaintiff files any class certification motion, and/or after the issue of class certification is resolved by the Court.

3.      Quicken Loans provides these initial disclosures without prejudice to its Motion to Dismiss/Strike Count II of the Amended Complaint, and its position that all discovery directed

Page 2 -  DEFENDANT QUICKEN LOANS INC.'S
           INITIAL DISCLOSURES

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Exhibit 1 - Page 7

to it regarding Count II of the Amended Complaint is premature (and improper) under the scheduling order pending the Court's resolution of that motion.

4.    These initial disclosures reflect the current knowledge of Quicken Loans with respect to Plaintiff's individual claim in Count I, and Quicken Loans reserves the right to supplement and/or amend these disclosures in the future for any reason. Quicken Loans further reserves the right to object to the competency, relevance, materiality, use or admissibility as evidence, for any purpose, of any of these initial disclosures, or the subject matter of these initial disclosures, in this or any subsequent proceeding.

I.    **Fed. R. Civ. P. 26(a)(1)(A)(i): "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."**

For the reasons explained above in the General Responses, Quicken Loans has not yet determined each and every claim and/or defense that it may assert in this lawsuit or identified every individual likely to have discoverable information concerning such claims and/or defenses. To the extent known to it at this time with respect to Plaintiff's individual claim in Count I, however, Quicken Loans makes the following disclosures of individuals it may use to support its anticipated defenses in this action:

(a)    **Plaintiff Erik Mattson.**    Upon information and belief, Mr. Mattson is likely to have knowledge regarding, among other things, (i) the factual basis, if any, for his individual claim in Count I; (ii) his interactions and communications with QuinStreet, Inc. or Quicken Loans (or its business partners) during the subject time period; (iii) his interactions and communications with other entities from whom Mr. Mattson received telephone calls or other communications during the relevant time period; (iv) the challenged telephone calls; (v) the factual

Page  3 -  DEFENDANT QUICKEN LOANS INC.'S
INITIAL DISCLOSURES

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19ᵗʰ AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Exhibit 1 - Page 8

circumstances under which Mr. Mattson or someone acting on his behalf provided his contact information to QuinStreet, Inc., Quicken Loans, or other third parties; (vi) the factual circumstances under which Mr. Mattson or someone acting on his behalf invited or consented to receive calls from Quicken Loans; (vii) the factual circumstances under which Mr. Mattson or someone acting on his behalf invited or consented to receive calls from Quicken Loans through submissions to QuinStreet, Inc.; (viii) the telephone number(s) or line(s) at which Mr. Mattson purportedly received the challenged calls; (ix) Mr. Mattson's alleged participation in the National Do-Not-Call registry; (x) the identification of all users or subscribers of the subject telephone number during the relevant time period; (xi) the relief Mr. Mattson seeks; and (xii) the other matters and allegations set forth in the complaint with respect to Count I or that discovery may reveal.

(b)    **Jessica Mattson.**    Upon information and belief, Ms. Mattson is likely to have knowledge regarding, among other things, (i) her interactions and communications with QuinStreet, Inc. or Quicken Loans (or its business partners) during the subject time period; (ii) her interactions and communications with other entities from whom she or Mr. Mattson received telephone calls or other communications during the relevant time period; (iii) the challenged telephone calls; (iv) the factual circumstances under which Ms. Mattson or someone acting on her behalf provided her contact information to QuinStreet, Inc., Quicken Loans, or other third parties; (v) the factual circumstances under which Ms. Mattson or someone acting on her behalf invited or consented to receive calls from Quicken Loans; (vi) the factual circumstances under which Ms. Mattson or

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Exhibit 1 - Page 9

someone acting on her behalf invited or consented to receive calls from Quicken Loans through submissions to QuinStreet, Inc.; (vii) the telephone number(s) or line(s) at which Mr. Mattson purportedly received the challenged calls; (viii) Mr. Mattson's alleged participation in the National Do-Not-Call registry; (ix) the identification of all users or subscribers of the subject telephone number during the relevant time period; and (x) the other matters and allegations set forth in the complaint with regard to Count I or that discovery may reveal.

(c)    **Current or former team members of Quicken Loans or Rock Connections.** Current or former team members of Quicken Loans, including but not limited to Jacob Powers, Keegan Reeves, Vanessa Stefanovski, Amy Courtney, Gary Weingarden, and Sarah Jagoda, and current or former team members of Rock Connections, including but not limited to Anna Lewis, Crystal Tyler, Jai McElway, Jeremy Smallwood, and Paula Roberson, each of whom may only be contacted through Quicken Loans' undersigned counsel, have or may have knowledge concerning (i) Plaintiff's individual claim in Count I and/or Quicken Loans' fact-based defenses to that claim; (ii) communications between Quicken Loans and Plaintiff during the subject time period; (iii) Quicken Loans' records concerning the challenged calls; (iv) Quicken Loans' procedures and technology relating to the challenged calls; (v) the factual circumstances under which Plaintiff or other persons provided the subject telephone number to QuinStreet, Inc., Quicken Loans, or other third parties; (vi) the factual circumstances under which Plaintiff or other persons invited or consented to receive calls, including but not limited to the challenged calls, from Quicken Loans; (vii) the factual

Page  5 -  DEFENDANT QUICKEN LOANS INC.'S
INITIAL DISCLOSURES

KILMER VOORHEES & LAURICK,P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Exhibit 1 - Page 10

circumstances under which Plaintiff or other persons invited or consented to receive calls, including but not limited to the challenged calls, from Quicken Loans through submissions to QuinStreet, Inc.; and/or (vii) any of the matters or allegations referenced in the complaint relating to Plaintiff's individual claim in Count I.

(d) **QuinStreet, Inc.** Current or former employees of QuinStreet, Inc., 950 Tower Lane, 6th Floor, Foster City, CA 94404, to be identified, have or may have knowledge concerning (i) the factual circumstances under which Plaintiff or someone acting on his behalf provided the subject telephone number to Quicken Loans through one or more of QuinStreet, Inc.'s websites; and (ii) the factual circumstances under which Plaintiff or someone acting on his behalf invited or consented to receive calls from Quicken Loans through one or more of QuinStreet, Inc.'s websites.

(e) **Other Third-Party Witnesses to be Identified.** Any and all third-party witnesses with knowledge, information or evidence concerning Plaintiff's individual claim (if any such third parties exist) in Count I, including but not limited to any and all third-parties with knowledge, information or evidence concerning (i) the challenged telephone calls; (ii) Plaintiff's invitation, permission, or consent to the challenged telephone calls; and (iii) the matters or allegations addressed in the complaint.

(f) **All potential witnesses identified by Plaintiff.**

(g) **Any rebuttal witnesses.**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Exhibit 1 - Page 11

II.     **Fed. R. Civ. P. 26(a)(1)(A)(ii): "a copy of—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."**

For the reasons explained above in its General Responses, Quicken Loans has not yet determined each and every claim and/or defense that it may assert in this lawsuit or identified all documents, electronically stored information and/or tangible things that it may use to support such claims and/or defenses.  To the extent known to it at this time with respect to Plaintiff's individual claim in Count I, however, Quicken Loans states that it may use copies of documents and other records (a) relating to Plaintiff or the subject telephone number; (b) concerning invitation, consent, or permission provided to Quicken Loans to call Plaintiff or the subject telephone number; (c) evidencing its procedures relating to the challenged calls to the subject telephone numbers; (d) concerning communications with Plaintiff during the subject time period; and (e) concerning the technology related to the challenged calls.  Further responding, Quicken Loans states that it may use copies of documents and other records, if any, in the possession, custody or control of Plaintiff, QuinStreet, Inc., and/or any persons or entities with knowledge of or otherwise having any connection to the (a) matters alleged in the complaint with respect to Count I, and/or (b) Quicken Loans' defenses to Plaintiff's individual claim in Count I.

Quicken Loans also states that it expressly reserves the right to identify additional documents and/or data that it may use to support its claims and/or defenses based upon subsequent events (including any motions Plaintiff may file), investigation, and/or discovery in this matter.  Consistent with this reservation, and without prejudice to its objection to providing disclosures concerning putative class members when no class has been certified and Plaintiff has not filed any motion for class certification, Quicken Loans states that it may rely upon other

Page 7 -  DEFENDANT QUICKEN LOANS INC.'S
         INITIAL DISCLOSURES

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Exhibit 1 - Page 12

documents and records—both in its possession and in the possession of third-parties—to oppose

class certification or otherwise defend itself in this lawsuit.

**III.**     <u>**Fed. R. Civ. P. 26(a)(1)(A)(iii):**</u> **"a computation of any category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary materials, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."**

Quicken Loans does not presently claim damages against Plaintiff in this action.  Quicken

Loans, however, reserves the right to bring any claim for damages or attorneys' fees and costs

against Plaintiff in the future as appropriate.

**IV.**     <u>**Fed. R. Civ. P. 26(a)(1)(A)(iv):**</u> **"for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."**

Quicken Loans states that no insurance business has accepted coverage under any insurance

agreement under which it may be liable to satisfy part or all of a judgment which may be entered

in this action or to indemnify or reimburse for payments made to satisfy the judgment.  Quicken

Loans reserves the right to supplement or amend this disclosure in the future.

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Exhibit 1 - Page 13

DATED:  October 9, 2018.

KILMER VOORHEES & LAURICK, P.C.


/s/ James P. Laurick
James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
732 NW 19th Avenue
Portland, OR  97209
Phone No.:  (503) 224-0055
Fax No.:  (503) 222-5290
Of Attorneys for Defendant Quicken Loans, Inc.

Brooks R. Brown (pro hac vice)
W. Kyle Tayman (pro hac vice)
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC  20001
bbrown@goodwinlaw.com
ktayman@goodwinlaw.com
Attorneys for Quicken Loans Inc.


Page  9 -  DEFENDANT QUICKEN LOANS INC.'S
            INITIAL DISCLOSURES

KILMER  VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19th AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Exhibit 1 - Page 14

## CERTIFICATE OF SERVICE

I certify that on this 9th day of October, 2018, the foregoing First Set of Requests for Admission was served on the following via [ ] hand delivery  [ ] overnight delivery  [ ] fax and mail  [x] email and mail  [x] mailing by depositing with the U.S. mail in Portland, Oregon, enclosed in a sealed envelope with first class postage prepaid, addressed as follows:

Gregory K. Zeuthen
Gregory K. Zeuthen, Attorney at Law PC
210 SW Morrison Street, Suite 400
Portland, OR 97204
Email: gkz@zlawoffice.com
        Attorneys for Plaintiff

Jarrett L. Ellzey
Hughes Ellzey LLP
2700 Post Oak Blvd, Suite 1120
Houston, TX 77056
Email: jarrett@hughesellzey.com
        Attorneys for Plaintiff

John P. Kristensen
Kristensen Weisberg, LLP
12540 Beatrice Street, Suite 200
Los Angeles, CA 90066
Email: john@kristensenlaw.com
        Attorneys for Plaintiff

/s/ James P. Laurick
James P. Laurick, OSB No. 821530
Of Attorneys for Defendant Quicken Loans, Inc

Page  1 -  CERTIFICATE OF SERVICE

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19th AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Exhibit 1 - Page 15

Exhibit 2

Plaintiff's meet and confer

Exhibit 1 - Page 16

# MAC Law | **Marshall Advocacy Center**
S. AMANDA MARSHALL LLC

February 1, 2019

<u>Via Email</u>

W. Kyle Tayman
Brooks R. Brown
Email:  ktayman@goodwinlaw.com
        bbrown@goodwinlaw.com

Re:    **Erik Mattson v. Quicken Loans, Inc.; Case No. 3:18-cv-00989-YY**
       Meet & Confer Re: Initial Disclosures

Counsel,

As you know, your client has the burden to prove that plaintiff provided express written permission or invitation to the phone calls at issue. In support of that claim, you have asserted that Jessica Matson visited the website: www.minutemortgagequotes.com at the same time her husband received an avatar call. However, the initial disclosures filed by your client did not identify anyone who can authenticate this information.

Quicken Loan's Initial Disclosures only identified Mr. and Mrs. Mattson (and some Quicken employees by name) and failed to identify anyone from the entity who operated the website, wrote the source code, or who can explain where the data with the permission was purportedly captured.  Nor has Quicken provided the addresses for witnesses who are not management of Quicken. Additionally, Quicken has not identified any source documents supportive of its affirmative defense that can be authenticated, which is a pre-requisite for admissibility on dispositive motions.

If Quicken does not have the identity of these required witnesses or documents, please respond as such. However, if these individuals and documents exist, please identify them in enough time to permit a proper cross-examination of the purported evidence. Accordingly, please provide a full and complete update to your initial disclosures by February 8, 2019.

Thank you for your attention and consideration.

Sincerely,

*S. Amanda Marshall*

S. Amanda Marshall, OSB #953473

cc:    S. Amanda Marshall (via e-mail)
       Jesenia A. Martinez (via e-mail)
       John Kristensen (via email)
       Jarrett L. Ellzey (via e-mail)
       Gregory K. Zeuthen (via e-mail)

Exhibit 3

Quicken Loans' Response

Exhibit 1 - Page 18

 **GOODWIN**

W. Kyle Tayman
202.346.4245
KTayman@goodwinprocter.com

Goodwin Procter LLP
901 New York Avenue NW
Washington, DC 20001

goodwinlaw.com
+1 202 346 4000

February 7, 2019

**VIA EMAIL**

S. Amanda Marshall
Marshall Advocacy Center
4545 SW Angel Avenue, Suite 104
Beaverton, OR  97005

Re:    *Mattson v. Quicken Loans Inc.*, No. 3:18-cv-00989-YY

Dear Amanda:

I write in response to your February 1, 2019 letter regarding Plaintiff's concerns with Quicken Loans' Rule 26 initial disclosures in this action.  At the outset, we note that Quicken Loans made its initial disclosures on October 9, 2018, and met and conferred with Plaintiff on November 6, 2018 to discuss them.  None of the issues set forth in your letter were raised at that time.  In any event, we understood from that conversation and subsequent communications that Plaintiff's concerns were resolved.  As such, and given the substantial passage of time since, we were surprised that Plaintiff is raising new issues for the first time now.  With that background, we respond to the matters raised in your letter below.

First, we disagree with your summary of what Quicken Loans purportedly must prove in this lawsuit. Plaintiff, of course, has the burden to prove all elements of the claims in this action.

Second, your letter states that Quicken Loans has asserted that Jessica Mattson visited "the website: www.minutemortgagequotes.com at the same time her husband received an avatar call."  To the contrary, Quicken Loans has made no assertions about Mr. Mattson receiving an avatar call, and tellingly has received no call recordings or other information from Plaintiff that would substantiate his (not Quicken Loans') allegation that he received such an avatar call.  We trust that Plaintiff will correct this deficiency.[1]

Third, you state that Quicken Loans' has not identified any persons "who operated the [www.minutemortgagequotes.com] website, wrote the source code, or who can explain where the data with the permission was purportedly captured."  There is, however, no requirement for Quicken Loans

---

[1]   In any event, as Quicken Loans was not the source of the purported "avatar" call (and is not alleged to be), it has no discovery to provide about it.

ACTIVE/98407047.2

Exhibit 1 - Page 19

 **GOODWIN**

February 7, 2019
Page 2

to obtain this information for purposes of its initial disclosures. As you know from its initial disclosures and discovery responses, Quicken Loans obtained the lead for Jessica Mattson from QuinStreet and has produced its records substantiating as much. Quicken Loans made Plaintiff aware of QuinStreet in its October 9, 2018 disclosures, consistent with its Rule 26 obligations. It has no separate Rule 26 initial disclosure obligation, as Plaintiff suggests, to identify specific persons that operate the third-party website from whom QuinStreet obtained the lead for Jessica Mattson, wrote the website's "source code," or explain where data on that third-party website was captured. To the extent Plaintiff believes otherwise, then we invite you to provide us with some authority supporting Plaintiff's position so that we may review that authority and take it into consideration. In addition, we also note that Plaintiff's suggestion that he is somehow without information concerning the subject minutemortgagequotes.com lead is belied by the numerous subpoenas—recently served in this case—apparently directed to current or former parties associated with that website.

Fourth, Plaintiff asserts that we have not provided addresses for the Quicken Loans' non-management witnesses identified in its disclosures, but instead disclosed that the Quicken Loans employees could be contacted through counsel. As you know, the parties discussed this concern—and that it equally applied to Plaintiff's disclosures—during our November 6, 2018 call. Given that discussion, and that Plaintiff never updated his disclosures to provide addresses and that he still maintains that Jessica Mattson can only be "contacted through counsel," we trust that the parties remain in agreement that each side's disclosures are adequate in this regard.

Finally, Plaintiff notes that Quicken Loans "has not identified any source documents supportive of its affirmative defense that can be authenticated." Again, Rule 26(a)(1) sets forth no requirement to identify "source documents . . . that can be authenticated." Consistent with the Rule, Quicken Loans has provided "a description by category and location" of the documents it may use to support its claims, and produced these documents to Plaintiff several months ago.

Given that Quicken Loans has fully complied with Rule 26(a)(1) and Plaintiff has not identified any deficiency otherwise, Quicken Loans will not be amending its disclosures as Plaintiff demands. Quicken Loans will, of course, amend its disclosures in the future if the need arises and consistent with its Rule 26 obligations. As always, I am available should you wish to discuss these issues further.

Exhibit 1 - Page 20



February 7, 2019
Page 3

Sincerely,


*/s/ W. Kyle Tayman*
W. Kyle Tayman

cc:    Jarrett Ellzey
       John Kristensen
       James Laurick
       Brooks R. Brown
       John C. Raffetto



W. Kyle Tayman
202.346.4245
KTayman@goodwinprocter.com

Goodwin Procter LLP
901 New York Avenue NW
Washington, DC 20001

goodwinlaw.com
+1 202 346 4000

February 15, 2019

**Via Email (trish_hunt@ord.uscourts.gov)**

The Honorable Youlee Yim You
United States Magistrate Judge
United States District Court for the District of Oregon
Mark O. Hatfield United States Courthouse
1000 Southwest Third Avenue
Portland, Oregon 97204

Re:     **Erik Mattson v. Quicken Loans Inc. (No. 3:18-cv-00989-YY)**

Dear Magistrate Judge You:

We write in response to Plaintiff's February 12, 2019, letter requesting a telephonic discovery conference concerning Quicken Loans' Rule 26 disclosures. Quicken Loans will be prepared to address these issues with the Court in further detail at the upcoming discovery conference. In advance of that conference, however, Quicken Loans takes this opportunity to provide the Court with additional information and context that may be helpful in its effort to understand and resolve this apparent discovery dispute.

### PLAINTIFF'S FAILURE TO MEET AND CONFER

Quicken Loans was surprised to see this matter brought to the Court for resolution. Quicken Loans' initial disclosures were served on October 9, 2018. Plaintiff did not, however, raise the purported defects at issue until February 1, 2019. In its February 7, 2019 letter, Quicken Loans explained its position, and invited Plaintiff to call if he wanted to discuss the matter further. Plaintiff did not take Quicken Loans up on that invitation and instead Plaintiff submitted his February 12, 2019 letter to this Court. In seeking this Court's intervention without first seeking a telephonic or in-person meet and confer with Quicken Loans, Plaintiff failed to comply with the spirit and letter of Local Rules 7-1(a) and 26-3(g).

### QUICKEN LOANS' GOOD FAITH EFFORTS TO RESOLVE THIS PURPORTED DISPUTE

After receiving the February 12 letter, in a good faith effort to reach a mutually-agreeable resolution, Quicken Loans reached out to Plaintiff's Counsel (Ms. Marshall) by telephone on February 14. During that conference, Quicken Loans (a) explained that its interrogatory responses and document productions contain information about the original source of Plaintiff's (or someone acting or purporting to act on his behalf's) consent, invitation, or permission for the challenged calls from Quicken Loans, (b) noted that the information is apparently already known to Plaintiff and his counsel from other sources, and (c) expressed its willingness to update its initial disclosures as a compromise if Plaintiff could identify what information he contends was missing. Plaintiff declined this reasonable proposal. Notwithstanding this, Quicken Loans is

Exhibit 1 - Page 22

The Hon. Youlee Yim You
February 15, 2019
Page 2

serving Plaintiff, contemporaneously with this letter, supplemental initial disclosures (Ex. A). Quicken Loans' position is that these supplemental initial disclosures—like its original initial disclosures from October 2018—are more than sufficient to comply with Rule 26(a).

Indeed, these supplemental disclosures—just like Quicken Loans' long-ago served interrogatory responses—identify the third-party (Quote Logic or Save Big Leads) that Quicken Loans understands operated the website (MinuteMortgageQuotes.com) where Plaintiff (or someone acting or purporting to act on his behalf) provided his consent, permission, or invitation for the challenged calls from Quicken Loans on or about September 1, 2017. They also identify the third-party, QuinStreet, Inc., which obtained Plaintiff's information from Quote Logic and then provided it to Quicken Loans.

### QUICKEN LOANS DOES NOT CURRENTLY HAVE THE INFORMATION PLAINTIFF SEEKS

Given that Plaintiff's information came to Quicken Loans from QuinStreet (not Quote Logic), Quicken Loans understandably does not have the very specific information Plaintiff seeks identifying "a witness to the management or operation of the [MinuteMortgageQuotes.com] website [in or about September 2017], a person who wrote the source code for th[at] website, or [person] who can authenticate and explain where the data with the purported permission was captured." Nor is that kind of detailed information required in initial disclosures (and Plaintiff has not cited any authority that it is). More fundamentally, however, Quicken Loans' disclosures identify current or former employees of Quote Logic and, perhaps, QuinStreet as the potential sources of the information Plaintiff seeks. But Plaintiff has known this for a long time, as evidenced by the fact that he has subpoenaed Quote Logic and QuinStreet for deposition testimony and documents concerning information he now complains is not contained as part of Quicken Loans' initial disclosures. Thus Plaintiff's complaint about a lack of sufficient information in Quicken Loans' disclosures cannot withstand scrutiny.

In addition, and while Plaintiff omits it from his letter, it is undisputable that Quicken Loans *has* provided substantive discovery on the consent, permission, or invitation issue (*see, e.g.*, Ans. to Interrog. No. 2 (Ex. B)), and call and other records relating to the challenged calls to Plaintiff. QL-MATTSON000001–24. Those records include, among other things, documents identifying QuinStreet as the entity that provided Plaintiff's information to Quicken Loans in September 2017(QL-MATTSON000001) and the agreement between Quicken Loans and QuinStreet pursuant to which QuinStreet did so QL-MATTSON00009–24).

### QUICKEN LOANS' ADDITIONAL RESPONSES TO PLAINTIFF'S LETTER

1.    Quicken Loans does not contend that "it has no obligation to identify witnesses and documents that it 'may use to support its claims or defense[s].'" Letter at 1. To the contrary, Quicken Loans has disclosed both in its Rule 26 disclosures and in its responses to Plaintiff's voluminous interrogatories and document requests.

2.    With respect to the law, Quicken Loans' position remains that the absence of consent, permission, or invitation for the challenged calls is an element of Plaintiff's claim as to which he bears the burden of proof. 47 U.S.C. § 227(b)(1)(A). This Court may recall that, in its original

Exhibit 1 - Page 23

The Hon. Youlee Yim You
February 15, 2019
Page 3

Order (Dkt. No. 73) on Quicken Loans' motion to dismiss, the Court included a footnote addressing whether or not the absence of permission or invitation was an element of Plaintiff's claim, or an affirmative defense. The Court ultimately removed this footnote at Quicken Loans' request, and Plaintiff agreed that it was "unnecessary to litigate the issue" at that time (6/6/18 email to Court). That remains the case—this is not an issue to resolve outside of Rule 56 briefing and it does not warrant Quicken Loans having to revise its initial disclosures. Indeed, by raising this issue now, Plaintiff seeks a substantive ruling of law about evidentiary burdens in the context of a purported discovery dispute about initial disclosures and without the other side briefing the issue. That is improper.

3.      Plaintiff's assertion that "Quicken Loans failed to identify its contract with [Quote Logic/] Save Big Leads and failed to identify who owns and operates www.minutemortgagequotes.com" is also misleading and inaccurate. Letter at 2. As noted, Plaintiff's lead information was not provided to Quicken Loans by Quote Logic or pursuant to any contract between Quote Logic and Quicken Loans. Instead, Plaintiff's lead information was provided to Quicken Loans by QuinStreet pursuant to an agreement between them, which has already been produced to Plaintiff. And, as to the owner/operator of the MinuteMortgageQuotes.com website in September 2017, Quicken Loans' current understanding is that it was Quote Logic. Quicken Loans' October 2018 interrogatory responses reflect that understanding.

4.      Lastly, Quicken Loans notes that Plaintiff's complaint about its purported failure to supplement its initial disclosures rings hollow given that Plaintiff did not supplement his own initial disclosures until February 13—the day after Ms. Marshall's letter to this Court.

*               *               *

We look forward to addressing these matters further with the Court at the upcoming conference. Thank you for your consideration.

Sincerely,

/s/ W. Kyle Tayman
W. Kyle Tayman

cc:     S. Amanda Marshall
        John P. Kristensen
        Jarrett L. Ellzey
        Gregory K. Zeuthen
        Brooks R. Brown
        James P. Laurick

Exhibit 1 - Page 24

# EXHIBIT A

Exhibit 1 - Page 25

James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
Kilmer, Voorhees & Laurick, P.C.
732 NW 19th Avenue
Portland, Oregon 97209
Telephone: (503) 224-0055
Fax: (503) 222-5290

Attorneys for Defendant Quicken Loans, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ERIK MATTSON, individually and on behalf of all others similarly situated, | Case No. 3:18-cv-00989-YY |
| Plaintiff, | |
| v. | DEFENDANT QUICKEN LOANS INC.'S SECOND SUPPLEMENTAL DISCLOSURES |
| QUICKEN LOANS, INC., | |
| Defendant. | |

Pursuant to Rule 26(a)(1)(A) and this Court's scheduling order (Dkt. No. 23), Quicken

Loans Inc. ("Quicken Loans") hereby provides its second supplemental Rule 26(a)(1) initial

disclosures with respect to Plaintiff's individual claims.

## **GENERAL RESPONSES**

1.     In making these supplemental disclosures, Quicken Loans does not waive, but

instead expressly reserves, any and all objections, including but not limited to those based on the

attorney-client privilege, the work product doctrine, self-evaluation and self-test privileges,

relevance, materiality, over-breadth, and/or the discoverability of information that Plaintiff Erik

Mattson has sought or may seek in this action.

Page  1 -  DEFENDANT QUICKEN LOANS INC.'S SECOND
SUPPLEMENTAL DISCLOSURES

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Exhibit 1 - Page 26

2.     Consistent with this Court's scheduling order (Dkt. No. 23), these supplemental disclosures pertain only to the individual claims brought by Plaintiff in this action. Quicken Loans objects to providing disclosures concerning putative class members, and/or the issue of class certification at this time because, among other reasons, (a) such discovery has been deferred pursuant to the Court's scheduling order, (b) no class has been certified, (c) Plaintiff has not filed any motion for class certification or otherwise disclosed all witnesses and documents he intends to rely upon in support of any motion for class certification, and (d) Plaintiff has not disclosed the witnesses or documents he intends to rely upon in support of the claims of any member of the class, if any, that may be certified in this action. Quicken Loans is thus not in a position to know and/or identify all persons, entities and/or documents it may rely upon to oppose any class certification motion Plaintiff may file in the future, and/or to defend against the claims of any member of the class, if any, that may be certified in this action. Accordingly, Quicken Loans reserves the right to supplement or amend these disclosures in the future to identify additional persons, entities and/or documents it may rely upon in defense of this matter.

3.     As Quicken Loans' investigation and discovery of Plaintiff and third parties is ongoing with respect to Plaintiff's individual claims, Quicken Loans reserves the right to supplement and/or amend these disclosures in the future for any reason. Quicken Loans further reserves the right to object to the competency, relevance, materiality, use, or admissibility as evidence, for any purpose, of any of these initial disclosures, or the subject matter of these initial disclosures, in this or any subsequent proceeding.

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Exhibit 1 - Page 27

I.    **Fed. R. Civ. P. 26(a)(1)(A)(i): "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."**

For the reasons explained above in the General Responses, Quicken Loans has not yet determined each and every claim and/or defense that it may assert with respect to Plaintiff's individual claims in this lawsuit or identified every individual likely to have discoverable information concerning such claims and/or defenses.   Quicken Loans, however, makes the following supplemental disclosures of individuals it may use to support its anticipated defenses to Plaintiff's individual claims in this action:

(a)    **Plaintiff Erik Mattson.**   Upon information and belief, Mr. Mattson is likely to have knowledge regarding, among other things, (i) the factual basis, if any, for his individual claims in this action; (ii) his interactions and communications with QuinStreet, Inc. or Quicken Loans (or its business partners) during the subject time period; (iii) his interactions and communications with other entities from whom Mr. Mattson received telephone calls or other communications during the relevant time period; (iv) the challenged telephone calls; (v) the factual circumstances under which Mr. Mattson or someone acting (or purporting to act) on his behalf provided his contact information to QuinStreet, Inc., Quicken Loans, Quote Logic, Inc. ("Quote Logic"), or other third parties; (vi) the factual circumstances under which Mr. Mattson or someone acting (or purporting to act) on his behalf invited or consented to receive calls from Quicken Loans; (vii) the factual circumstances under which Mr. Mattson or someone acting (or purporting to act) on his behalf invited or consented to receive calls from Quicken Loans through submissions to QuinStreet, Inc. or Quote Logic (or the website

KILMER VOORHEES & LAURICK,P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Exhibit 1 - Page 28

MinuteMortgageQuotes.com ("MMQ")); (viii) the telephone number(s) or line(s) at which Mr. Mattson purportedly received the challenged calls; (ix) Mr. Mattson's alleged participation in the National Do-Not-Call registry; (x) the identification of all users or subscribers of the subject telephone number during the relevant time period; (xi) the relief Mr. Mattson seeks; and (xii) the other matters and allegations set forth in the complaint with respect to Plaintiff's individual claims or that discovery may reveal.

(b)   **Jessica Mattson.**   Upon information and belief, Ms. Mattson is likely to have knowledge regarding, among other things, (i) her interactions and communications, if any, with QuinStreet, Inc. or Quicken Loans (or its business partners) during the subject time period; (ii) her interactions and communications, if any, with other entities from whom she or Mr. Mattson received telephone calls or other communications during the relevant time period; (iii) the challenged telephone calls; (iv) the factual circumstances under which Ms. Mattson or someone acting (or purporting to act) on her behalf provided her contact information to QuinStreet, Inc., Quicken Loans, Quote Logic (or the MMQ website), or other third parties; (v) the factual circumstances under which Ms. Mattson or someone acting (or purporting to act) on her behalf invited or consented to receive calls from Quicken Loans; (vi) the factual circumstances under which Ms. Mattson or someone acting (or purporting to act) on her behalf invited or consented to receive calls from Quicken Loans through submissions to QuinStreet, Inc. or Quote Logic (or the MMQ website); (vii) the telephone number(s) or line(s) at which Mr. Mattson purportedly received the challenged

Page  4 -  DEFENDANT QUICKEN LOANS INC.'S SECOND
SUPPLEMENTAL DISCLOSURES

KILMER VOORHEES & LAURICK,P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Exhibit 1 - Page 29

calls; (viii) Mr. Mattson's alleged participation in the National Do-Not-Call registry; (ix) the identification of all users or subscribers of the subject telephone number during the relevant time period; and (x) the other matters and allegations set forth in the complaint with respect to Plaintiff's individual claims or that discovery may reveal.

(c)    **Current or former team members of Quicken Loans or Rock Connections.** Current or former team members of Quicken Loans, including but not limited to Craig Gates, Jacob Powers, Keegan Reeves, Vanessa Stefanovski, Amy Courtney, Gary Weingarden, and Sarah Jagoda, each of whom may only be contacted through Quicken Loans' undersigned counsel, and current or former team members of Rock Connections, including but not limited to Anna Lewis, Crystal Tyler, Jai McElway, Jeremy Smallwood, and Paula Roberson, each of whom may only be contacted through Rock Connections' general counsel (Jack Carver), have or may have knowledge concerning (i) Plaintiff's individual claims in the Complaint and/or Quicken Loans' fact-based defenses to those claims; (ii) communications between Quicken Loans and Plaintiff during the subject time period; (iii) communications between Rock Connections and Plaintiff during the subject time period; (iv) Quicken Loans' records concerning the challenged calls; (v) Quicken Loans' procedures and technology relating to the challenged calls, including without limitation Quicken Loans' policies and procedures relating to compliance with the do-not-call provisions of the TCPA with respect calls made by it or on its behalf by Rock Connections; (vi) the factual circumstances under which Plaintiff or other persons provided the subject telephone number to

Page 5 -  DEFENDANT QUICKEN LOANS INC.'S SECOND
          SUPPLEMENTAL DISCLOSURES

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Exhibit 1 - Page 30

QuinStreet, Inc., Quicken Loans, Quote Logic (or the MMQ website), or other third parties; (vii) the factual circumstances under which Plaintiff or other persons invited or consented to receive calls, including but not limited to the challenged calls, from Quicken Loans; (viii) the factual circumstances under which Plaintiff or other persons invited or consented to receive calls, including but not limited to the challenged calls, from Quicken Loans through submissions to QuinStreet, Inc. or Quote Logic (or the MMQ website); and/or (ix) any of the matters or allegations referenced in the complaint relating to Plaintiff's individual claims.

(d)   **QuinStreet, Inc.**  Current or former employees of QuinStreet, Inc., 950 Tower Lane, 6th Floor, Foster City, CA 94404, to be identified, have or may have knowledge concerning (i) the factual circumstances under which Plaintiff or someone acting (or purporting to act) on his behalf provided the subject telephone number to Quicken Loans through one or more of QuinStreet, Inc.'s websites or business partners; and (ii) the factual circumstances under which Plaintiff or someone acting (or purporting to act) on his behalf invited or consented to receive calls from Quicken Loans through one or more of QuinStreet, Inc.'s websites, business partners, or other sources.

(e)   **Lead Intelligence, Inc. (d/b/a Jornaya).**  Current or former employees of Jornaya, who can be contacted through Jornaya's counsel, Duane Morris LLP, 30 South 17th St., Philadelphia, PA 19103-4196, have or may have knowledge concerning (i) the factual circumstances under which Plaintiff or someone acting (or purporting to act) on his behalf invited or consented to receive calls from

Page 6 -  DEFENDANT QUICKEN LOANS INC.'S SECOND
SUPPLEMENTAL DISCLOSURES

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Exhibit 1 - Page 31

Quicken Loans through the MMQ or other websites in or about September 2017, and (ii) data or other records concerning such factual circumstances.

(f)    **Quote Logic.**  Current or former employees of Quote Logic, including Tiffani Rich, current address unknown and with a former address of 2255 Glades Road, No. 324A, Boca Raton, FL 33431, have or may have knowledge concerning (i) the factual circumstances under which Plaintiff or someone acting (or purporting to act) on his behalf provided the subject telephone number through the MMQ or other of Quote Logic's websites; (ii) the factual circumstances under which Plaintiff or someone acting (or purporting to act) on his behalf invited or consented to receive challenged calls from Quicken Loans through the MMQ or other of Quote Logic's websites; (iii) the form, content, and operation of the MMQ website on September 1, 2017; and (iv) any data or other records maintained by Quote Logic concerning Plaintiff, Ms. Mattson, the subject telephone number, or the factual circumstances under which Plaintiff or someone acting (or purporting to act) on his behalf invited or consented to receive calls from Quicken Loans through the MMQ or other of Quote Logic's websites in or about September 2017.

(g)    **Other Third-Party Witnesses to be Identified.**  Any and all third-party witnesses with knowledge, information, or evidence concerning Plaintiff's individual claims (if any such third parties exist), including but not limited to any and all third-parties with knowledge, information, or evidence concerning (i) the challenged telephone calls; (ii) Plaintiff's invitation, permission, or consent to the

Page  7 -  DEFENDANT QUICKEN LOANS INC.'S SECOND
        SUPPLEMENTAL DISCLOSURES

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19th AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Exhibit 1 - Page 32

challenged telephone calls; and (iii) the matters or allegations addressed in the complaint.

(h) **All potential witnesses identified by Plaintiff, including but not limited to those identified in Plaintiff's Supplemental Initial Disclosures dated February 13, 2019.**

(i) **Any rebuttal witnesses.**

Further responding, Quicken Loans refers Plaintiff to its discovery responses and document production for additional information identifying (i) the persons or entities who have or may have discoverable information that Quicken Loans may use to support its anticipated defenses to Plaintiff's individual claims, and (ii) the subject matter(s) of the discoverable information such persons or entities have or may have relating to Quicken Loans' anticipated defenses to Plaintiff's individual claims. Quicken Loans reserves all rights to rely upon testimony or other evidence from such persons or entities to support its anticipated defenses to Plaintiff's individual claims.

II. **Fed. R. Civ. P. 26(a)(1)(A)(ii): "a copy of—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."**

For the reasons explained above in its General Responses, Quicken Loans has not yet determined each and every claim and/or defense that it may assert with respect to Plaintiff's individual claims in this lawsuit or identified all documents, electronically stored information, and/or tangible things that it may use to support such claims and/or defenses. Quicken Loans states, however, that it may use copies of the documents and records it already has produced to Plaintiff as well as copies of other documents and records, if any, (a) relating to Plaintiff or the subject telephone number; (b) concerning the invitation, consent, or permission provided to

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19ᵗᴴ AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Exhibit 1 - Page 33

Quicken Loans to call Plaintiff or the subject telephone number; (c) evidencing its procedures relating to the challenged calls to the subject telephone number; (d) concerning communications with Plaintiff during the subject time period; and (e) concerning the technology related to the challenged calls to Plaintiff.  Further responding, Quicken Loans states that it may use copies of documents and other records (i) produced to it by Plaintiff or third-parties in discovery in this action or otherwise publicly-available; and (ii) documents and other records in the possession, custody, or control of Plaintiff, QuinStreet, Inc., Quote Logic, and/or any persons or entities with knowledge of or otherwise having any connection to the (a) matters alleged in the complaint with respect to Plaintiff's individual claims, and/or (b) Quicken Loans' anticipated defenses to Plaintiff's individual claims.

Quicken Loans also states that it expressly reserves the right to identify additional documents and/or data that it may use to support its claims and/or defenses with respect to Plaintiff's individual claim based upon subsequent events (including any motions Plaintiff may file), investigation, and/or discovery in this matter.  Consistent with this reservation, and without prejudice to its objection to providing disclosures concerning putative class members when no class has been certified and Plaintiff has not filed any motion for class certification, Quicken Loans states that it may rely upon other documents and records—both in its possession and in the possession of third-parties—to oppose any motions filed, to oppose class certification, or to otherwise defend itself in this lawsuit.

Page  9 -  DEFENDANT QUICKEN LOANS INC.'S SECOND
SUPPLEMENTAL DISCLOSURES

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Exhibit 1 - Page 34

**III.**    **Fed. R. Civ. P. 26(a)(1)(A)(iii): "a computation of any category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary materials, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."**

Quicken Loans does not presently claim damages against Plaintiff in this action.  Quicken

Loans, however, reserves the right to bring any claim for damages or attorneys' fees and costs

against Plaintiff in the future as appropriate.

**IV.**    **Fed. R. Civ. P. 26(a)(1)(A)(iv):  "for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."**

Quicken Loans states that on January 29, 2019, it produced with its First Amended and

Supplemental Initial Disclosures a copy of its potentially applicable insurance agreement.

DATED:  February 15, 2019.

KILMER VOORHEES & LAURICK, P.C.


*/s/ W. Kyle Tayman*
James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
732 NW 19th Avenue
Portland, OR  97209
Phone No.:  (503) 224-0055
Fax No.:  (503) 222-5290
*Of Attorneys for Defendant Quicken Loans, Inc.*

Brooks R. Brown (*pro hac vice*)
W. Kyle Tayman (*pro hac vice*)
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC  20001
bbrown@goodwinlaw.com
ktayman@goodwinlaw.com
*Attorneys for Quicken Loans Inc.*

Page  10 - DEFENDANT QUICKEN LOANS INC.'S SECOND
SUPPLEMENTAL DISCLOSURES

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Exhibit 1 - Page 35

## CERTIFICATE OF SERVICE

I certify that on this 15th day of February, 2019, the foregoing Second Supplemental

Disclosures was served on the following via [ ] hand delivery  [ ] overnight delivery  [ ] fax and

mail  [x] email and mail  [x] mailing by depositing with the U.S. mail in Portland, Oregon,

enclosed in a sealed envelope with first class postage prepaid, addressed as follows:


Gregory K. Zeuthen
Gregory K. Zeuthen, Attorney at Law PC
210 SW Morrison Street, Suite 400
Portland, OR 97204
Email: gkz@zlawoffice.com
     Attorneys for Plaintiff

Jarrett L. Ellzey
Hughes Ellzey LLP
2700 Post Oak Blvd, Suite 1120
Houston, TX 77056
Email: jarrett@hughesellzey.com
     Attorneys for Plaintiff

John P. Kristensen
Kristensen Weisberg, LLP
12540 Beatrice Street, Suite 200
Los Angeles, CA 90066
Email: john@kristensenlaw.com
     Attorneys for Plaintiff

S. Amanda Marshall
Marshall Advocacy Center
4545 SW Angel Avenue, Suite 104
Beaverton, OR 97005
Email:  amanda@maclaw.law


       */s/ James P. Laurick*
       James P. Laurick, OSB No. 821530
       *Of Attorneys for Defendant Quicken Loans, Inc*


Page  1 -  CERTIFICATE OF SERVICE

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 NW 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Exhibit 1 - Page 36

# EXHIBIT B

Exhibit 1 - Page 37

James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
Kilmer, Voorhees & Laurick, P.C.
732 NW 19th Avenue
Portland, OR 97209
Telephone: (503) 224-0055
Fax: (503) 222-5290

Attorneys for Quicken Loans Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ERIK MATTSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>QUICKEN LOANS, INC.,<br><br>    Defendant. | Case No. 3:18-cv-00989-YY<br><br>QUICKEN LOANS INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES |

Page  1 - QUICKEN LOANS INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19th AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290
Exhibit 1 - Page 38

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Quicken Loans Inc.

("Quicken Loans") hereby objects and responds to Plaintiff's First Set of Interrogatories

("Interrogatories") dated June 6, 2018 (but not served until September 5, 2018).

Respectfully Submitted on Tuesday, October 30, 2018.

KILMER VOORHEES & LAURICK, P.C.

James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
732 NW 19th Avenue
Portland, OR  97209
Phone No.:  (503) 224-0055
Fax No.:  (503) 222-5290
*Attorneys for Quicken Loans Inc.*

Brooks R. Brown (*pro hac vice*)
W. Kyle Tayman (*pro hac vice*)
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC  20001
bbrown@goodwinlaw.com
ktayman@goodwinlaw.com
*Attorneys for Quicken Loans Inc.*

Page  2 - QUICKEN LOANS INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Exhibit 1 - Page 39

**Interrogatory No. 2:** **Explain precisely how YOU obtained the PLAINTIFF'S telephone number (503) 853-1930.**

**Response to Interrogatory No. 2:**

Quicken Loans objects to this Interrogatory as improper, vague, ambiguous, and unduly burdensome because, among other reasons: (1) it purports to require Quicken Loans to provide information not within its possession, custody or control concerning whether the phone number ending in -1930 belongs to Plaintiff and (2) it seeks information that is known or equally knowable to Plaintiff as to Quicken Loans.

Subject to these objections, its Initial Objections and its Introductory Statement, and based upon its understanding that this Interrogatory seeks information concerning the circumstances under which the phone number ending in -1930 (the "subject phone number") was provided to Quicken Loans in connection with the calls to the subject phone number challenged in the Complaint, Quicken Loans states that the subject phone number (as well as other information concerning Jessica Mattson or Plaintiff) was provided to Quicken Loans by QuinStreet by electronic data transfer on September 1, 2017 at approximately 9:30 PM EST. Further answering, Quicken Loans states, upon information and belief, that this electronic data transfer occurred after Jessica Mattson, Plaintiff (or someone acting or purporting to act on her or his behalf) visited MinuteMortgageQuotes.com ("MMQ") on September 1, 2017. During this visit, Jessica Mattson or Plaintiff (or someone acting or purporting to act on her or his behalf)

Page 9 - QUICKEN LOANS INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Exhibit 1 - Page 40

voluntarily submitted contact and other personal information, including a phone number ending

in -1930, an email address, and a physical address in Beaverton, OR, to obtain information about

a mortgage refinance loan.  In submitting that request, Jessica Mattson or Plaintiff (or someone

acting or purporting to act on her or his behalf) provided his or her agreement and consent to be

contacted by Quicken Loans (and others) at the -1930 number provided after receiving and

agreeing to the following disclosure on the MMQ website:

> BY CLICKING "SEE RESULTS," YOU ELECTRONICALLY AGREE TO THE
> TERMS OF SERVICE AND PRIVACY POLICY, TO SHARE YOUR INFORMATION
> WITH MINUTEMORTGAGEQUOTES, UP TO 4 LENDERS (POTENTIALLY
> INCLUDING QUICKEN LOANS) WITH WHOM YOU HAVE BEEN MATCHED
> AND/OR OTHER BUSINESS PARTNERS AND CONSENT (NOT REQUIRED AS A
> CONDITION TO PURCHASE A GOOD/SERVICE) FOR THEM TO CONTACT YOU
> THROUGH AUTOMATED MEANS (E.G. AUTODIALING, TEXT AND PRE-
> RECORDED MESSAGING) VIA TELEPHONE, MOBILE DEVICE (INCLUDING
> SMS AND MMS) AND/OR EMAIL, EVEN IF IT IS A CELLULAR PHONE
> NUMBER OR OTHER SERVICE FOR WHICH THE CALLED PERSON(S) COULD
> BE CHARGED FOR SUCH CALL AND EVEN IF YOUR TELEPHONE NUMBER IS
> CURRENTLY LISTED ON ANY STATE, FEDERAL OR CORPORATE DO NOT
> CALL REGISTRY.

Further answering, and pursuant to Fed. R. Civ. P. 33(d), Quicken Loans will produce, on or

before November 12, 2018, non-privileged call records concerning the subject phone number.

These records contain additional information responsive to this Interrogatory.  Quicken Loans

states that the burden of deriving such information is the same for Plaintiff as for Quicken Loans.

Quicken Loans states that its investigation and discovery in this matter are ongoing, and

it expressly reserves its right to supplement and/or amend this response.

Page  10 - QUICKEN LOANS INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19ᵗʰ AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Exhibit 1 - Page 41

I have read the answers to the Responses to Interrogatories Numbers 1, 2, 3, 4, 5, 7, 8, 12, 17, 19, 21, 22, and 23 of Plaintiff's First Set of Interrogatories. I am informed and believed, based on my person knowledge and/or information provided to me by others working under my direction and supervision, that the factual matters stated in those Responses is true and correct to the best of my current knowlede.

October 30, 2018                                    By: _____
                                                        Amy Courtney
                                                        Senior Data Analyst
                                                        Quicken Loans Inc.

Page 33 - QUICKEN LOANS INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-8055 · FAX (503) 222-5290

Exhibit 1 - Page 42

I have read the answers to the Responses to Interrogatories Numbers 1, 6, 17, 18, 20, and 21 of Plaintiff's First Set of Interrogatories. I am informed and believed, based on my person knowledge and/or information provided to me by others working under my direction and supervision, that the factual matters stated in those Responses is true and correct to the best of my current knowledge.

October 30, 2018

By: _____

Gary Weingarden
Senior Corporate Counsel
Quicken Loans Inc.

Page 34 - QUICKEN LOANS INC.'S RESPONSES AND
OBJECTIONS TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19th AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Exhibit 1 - Page 43

## CERTIFICATE OF SERVICE

I certify that on this 30th day of October, 2018, the foregoing Responses and Objections to the Plaintiff's First Set of Interrogatories was served on the following via [ ] hand delivery  [ ] overnight delivery  [ ] fax and mail  [x] email and mail  [x] mailing by depositing with the U.S. mail in Portland, Oregon, enclosed in a sealed envelope with first class postage prepaid, addressed as follows:

Gregory K. Zeuthen
Gregory K. Zeuthen, Attorney at Law PC
210 SW Morrison Street, Suite 400
Portland, OR 97204
Email: gkz@zlawoffice.com
      Attorneys for Plaintiff

Jarrett L. Ellzey
Hughes Ellzey LLP
2700 Post Oak Blvd, Suite 1120
Houston, TX 77056
Email: jarrett@hughesellzey.com
      Attorneys for Plaintiff

John P. Kristensen
Kristensen Weisberg, LLP
12540 Beatrice Street, Suite 200
Los Angeles, CA 90066
Email: john@kristensenlaw.com
      Attorneys for Plaintiff

James P. Laurick, OSB No. 821530
*Of Attorneys for Quicken Loans Inc.*

Page  1 -  CERTIFICATE OF SERVICE

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Exhibit 1 - Page 44

# MAC Law | **Marshall Advocacy Center**
S. AMANDA MARSHALL  LLC

February 13, 2019

**Via Email**
Honorable Youlee Yim You
Magistrate Judge
United States District Court
District of Oregon
Mark O. Hatfield United States Courthouse
1000 Southwest Third Avenue
Portland, Oregon 97204
Email: trish_hunt@ord.uscourts.gov

Re:    **Erik Mattson v. Quicken Loans, Inc.; Case No. 3:18-cv-00989-YY**

Dear Magistrate Judge You:

The purpose of this letter is to request from the Court an order setting forth a schedule for presenting Plaintiff, Erik Mattson and his wife Jessica, a non-party, for their depositions. Plaintiffs' counsel is attempting to prevent having to expose Plaintiff to three full and separate depositions, when the underly facts of the three related matters (New Penn, Quicken, and United Mortgage) are virtually identical with respect to Mattson's role. We have proposed a joint deposition with all defendants in attendance for one full day with Jessica Mattson, and two full days for Erik Mattson. After numerous emails exchanges (see attached), Plaintiff's counsel Jarrett Ellzey and Quicken counsel Kyle Tayman held an amicable telephonic meeting, during which both parties spoke about the merits of their positions, but ultimately reached an impasse on a modified deposition schedule. Quicken insists on a separate and exclusive deposition of Erik Mattson pursuant to the rules, therefore, subjecting him to back-to-back-to-back days of testimony and 21 hours on the record. Plaintiff maintains this is unreasonable given the facts and issues overlapping all three cases. Accordingly, Plaintiff respectfully requests the Court enter an order limiting Erik Mattson's deposition to two days, or, 14 hours on the record in a joint setting with all defendants.

In order for the Court to have an understanding of the procedural posture of this case and why these depositions are to occur at this late juncture, the following is timeline of events that have occurred since the opening of discovery:

After several months of motion practice related to Plaintiff's Complaint, the Court issued scheduling orders in the three separate actions Plaintiff agreed to segregate in order to alleviate defendants' concerns over the alleged dissimilar fact pattern in each case. The

Court issued its Scheduling Order on October 8, 2018. Plaintiff and Quicken subsequently requested an extension of the discovery and dispositive motion deadlines to March 15, 2019 and April 15, 2019 respectively. The parties agreed the first extension was necessary because more time was needed for both parties to complete written discovery and depositions.

Major scheduling issues arose in the fall of 2018 for both Jarrett Ellzey and John Kristensen. Mr. Ellzey began a one-week trial on December 10, 2018 in Austin, Texas. His firm required ample time to prepare, which also overlapped the Thanksgiving Holiday. Mr. Kristensen began a seven-week trial in October, which did not conclude until close to the Christmas holiday. During Mr. Kristensen's period of unavailability, Ellzey handled the bulk of communications with defense counsel, but nothing was ever set in stone regarding deposition dates. However, all parties, at least up until recently, seemed to be on board with the idea of jointly deposing Mr. Mattson and his wife. Plaintiff offered back-to-back days for Mr. Mattson and a full day for Mrs. Mattson in order to provide the defendants enough time to gather facts necessary to defend this TCPA claim. In Plaintiff's counsel's view, a joint deposition with all parties in the three separate but related actions present was the most cost efficient, time efficient, and reasonable method for completing the Mattson depositions.

Since the period described above and the dead time surrounding the holidays, Plaintiff has worked diligently to obtain necessary discovery from third parties and resolve outstanding discovery issues with Quicken. Some of these issues remain unresolved (e.g. Quicken has not identified certain critical parties in its Initial Disclosures and Quicken has sought information from Plaintiff regarding certain subpoenas). Plaintiff has identified several entities who might have knowledge of how the lead which is the subject of this case was obtained. It is crucial to the outcome of this case that Plaintiff have an opportunity to investigate this issue, and the first step was to request documents. This is why Plaintiff did not rush to schedule depositions. Furthermore, and as the Court is aware, New Penn and Quicken objected to Plaintiff's third-party subpoena practices. In recent weeks, Plaintiffs' counsel was required to reissue subpoenas to all third parties, with copy to counsel in all three matters. This created some confusion in complications with the third parties, which required Plaintiff's counsel to dedicate substantial time conferencing with counsel for the third parties.

In summary, due to a multitude of factors, Plaintiff required additional time to complete third party depositions, corporate representative depositions for all three actions, and present the Mattson's for their deposition. Plaintiff is beginning to schedule third party and corporate representative depositions for March and has proposed presenting the Mattsons on during the week of March 18 (See attached email). Mattson agreed to appear for two full days so New Penn, Quicken, and United Mortgage counsel will have ample opportunity to depose him on the facts of this straightforward TCPA case. New Penn and United Mortgage agreed to dates during this week; however, Quicken initially insisted counsel present the Mattson before the March 15 discovery deadline in that specific case. In order to accommodate Quicken's demand, Jarrett Ellzey, who will be presenting the Mattsons, has agreed to miss his daughters' spring break trip, so he can be available during the week of March 11.

Quicken yielded to Plaintiff's extension proposal after United Mortgage announced

it was on board and apparently in response to Ellzey's news of a family trip. Quicken has now agreed to depose Plaintiff and his wife during the week of March 18.  However, it refuses to attend a joint deposition with New Penn and United Mortgage in which each party would be able to separately inquire, as needed, but also giving each Defendant, as well as Mr. Mattson, the ability to protect against the risk of confusion that necessarily results from multiple inquiries into the same areas by different questioners, over the course of many hours, without the benefit of being present for all of the questioning that may bear on the context of the answers. Instead, Quicken has insisted Mattson appear for a separate seven-hour deposition with Quicken alone, which means Mattson would be subjected to 21 hours of time on the record.  This is excessive considering the facts and issues in this case – the number and timing of telephone calls and whether Mr. Mattson or his wife supplied consent in any way, shape or form, through the web or by any other means.  It's worth noting for illustrative purposes that it took David Boies only 20 hours on the record to obtain all the testimony he needed from Bill Gates in the landmark *United States v. Microsoft* antitrust case.  The present setting is vastly different. Plaintiff respectfully submits that Quicken's request for a separate seven-hour deposition is unreasonable to discover facts on a time-limited inquiry related to phone calls and website usage.  The most likely scenario is that the first in line to question will cover a majority of the case-relevant topics for the remaining two parties and pushing the deposition even into day two will mean someone has either become significantly repetitive or seriously veered off-course from the relevant scope of the deposition.

Accordingly, Plaintiff requests the Court limit Plaintiff's deposition to 14 hours on the record, with all defendants to attend jointly.  On a related note, Plaintiff and Quicken have agreed to extend the dispositive motion deadline by one week in exchange for allowing Plaintiff and his wife to appear for their depositions during the week following the March 15 close of merits discovery.

Thank you for your consideration.

Respectfully submitted,

*S. Amanda Marshall*

S. Amanda Marshall

cc:  All counsel of record (via email)



|  | W. Kyle Tayman | Goodwin Procter LLP |
|---|---|---|
|  | 202.346.4245 | 901 New York Avenue NW |
|  | KTayman@goodwinprocter.com | Washington, DC 20001 |

goodwinlaw.com
+1 202 346 4000

February 15, 2019

**Via Email (trish_hunt@ord.uscourts.gov)**

The Honorable Youlee Yim You
United States Magistrate Judge
United States District Court for the District of Oregon
Mark O. Hatfield United States Courthouse
1000 Southwest Third Avenue
Portland, Oregon 97204

Re:    **Erik Mattson v. Quicken Loans Inc. (No. 3:18-cv-00989-YY)**

Dear Magistrate Judge You:

We write in response to Plaintiff's February 13, 2019 letter requesting a telephonic discovery conference concerning the depositions of Plaintiff Erik Mattson and his wife, Jessica Mattson (a non-party whom Plaintiff identified in his initial disclosures as someone with knowledge of his claims in this action) (the "Letter"). Quicken Loans will be prepared to address these issues with the Court in further detail at the upcoming discovery conference.

Plaintiff's position that he need only appear for a consolidated deposition in his various cases against three different lenders is contrary to the Rules, and already has been rejected by this Court. Mr. Mattson is the named-plaintiff in this case against Quicken Loans. He made the choice to sue Quicken Loans about calls he purportedly received from it. Having done so, Plaintiff cannot (and should not) be heard to complain that Quicken Loans wants to depose him in his case (and only his case) against it. Indeed, Rules 30(a)(1) and (d)(1) require that Plaintiff must be made available for deposition of up to 7 hours of testimony in this lawsuit. Quicken Loans thus seeks only what the Rules expressly permit. That is the end of the inquiry.

Beyond this, Plaintiff's position that he need only sit for a single deposition already has been considered and rejected by this Court. Your Honor may recall that this same concern about Plaintiff having to sit for multiple depositions was articulated by his counsel previously as a reason to avoid severance of the defendants (Transcript of Oral Argument March 13, 2018, 31:7–15; Transcript of Oral Argument May 17, 2018, 7:18–25; Transcript of Oral Argument, Jan. 29, 2019, 10:3–5, 23:2–9) and was addressed in Quicken Loans' briefing on the severance issue. *See* Opposition to Plaintiff's Motion for Leave to File Amended Complaint, *Mattson v. Quicken Loans Inc. et. al.*, No. 3:17-cv-01840, Dkt. No. 61 at 7. This Court nonetheless held that severance was appropriate. *Mattson v. Quicken Loans Inc. et al.*, 3:17-cv-01840, Dkt. No. 80 at 8-9 ("Here . . . the FAC alleges distinct violations, on different dates and times and by different defendants. There are no allegations linking the activities of the defendants and no factual overlap is alleged. In such circumstances, claims against the defendants must be severed."). And, just a few short weeks ago—in the context of Plaintiff's effort to obtain discovery for this case by subpoenas served in other of Mr. Mattson's cases—this Court reaffirmed its conclusion.

ACTIVE/98509336.1

Exhibit 2 - Page 4

**The Hon. Youlee Yim You**
February 15, 2019
Page 2

Discovery Hearing Transcript, Jan. 29, 2019, 20:15–18 ("I haven't heard anything today that leads me to conclude that the decision to sever these cases was in any way a mistake or inappropriate under the circumstances.")). So, at bottom, Plaintiff is requesting that the Court reconsider its decision to sever the cases without filing a proper Rule 60 motion for reconsideration, and without presenting anything new that would warrant revisiting the Court's past decision. His request should be denied.

Notwithstanding the Rules and this Court's prior severance decision, Plaintiff argues that his depositions in three cases should be consolidated for his convenience. In doing so, however, Plaintiff seeks to impose unnecessary burden and expense on Quicken Loans. That is improper, particularly given that Plaintiff chose to sue Quicken Loans. Under Plaintiff's proposal for a multi-day deposition of Mr. Mattson (followed by the deposition of Mrs. Mattson), Quicken Loans anticipates that its outside counsel and in-house counsel attorneys' fees and travel costs will be greater than what they otherwise would be if his deposition proceeded in the normal course. Furthermore, counsel for Quicken Loans will be forced to spend additional days away from the office when it has filing deadlines and commitments in other matters. As Quicken Loans explains below in providing a summation of events, it has been more than accommodating to Plaintiff on all of his discovery efforts, and there is no reason (nor authority) to order Quicken Loans to join defendants in other lawsuits when deposing Mr. Mattson.

Quicken Loans' first noticed and subpoenaed the depositions of Plaintiff and Mrs. Mattson on December 31, 2018. Plaintiff objected to the dates selected, and soon thereafter the parties agreed to extend the discovery schedule in the case to March 15 to find dates for Mr. and Mrs. Mattson's depositions (Dkt. No. 27). Since December 31, Quicken Loans has repeatedly requested dates for both depositions, and provided Plaintiff its availability for the entire month of February and into March. The parties also had conversations about conducting joint depositions of Mr. Mattson, Mrs. Mattson, and other third-parties that Plaintiff wished to depose (QuinStreet, Quote Logic, and ClickPoint). Quicken Loans agreed to conduct joint depositions for all of the third parties, including Mrs. Mattson. As to a joint deposition of Plaintiff, however, Quicken Loans did not agree. Instead, Quicken Loans articulated its concerns about a joint deposition, including, for example, how (a) it could occur in a manner that would allow all parties up to the full 7 hours of testimony permitted under Rule 30, (b) whether and how testimony elicited by other defendants could be used in this case, (c) how (mechanically) each defendant would be allowed to examine and re-direct Plaintiff, and (d) how Quicken Loans could use its confidential and proprietary business documents that it has produced in the case and anticipates using to depose Mr. Mattson when Quicken Loans' competitors would also be present. Quicken Loans invited Plaintiff to address these concerns, but he never did. *See* Email from W. Kyle Tayman to John Kristensen (and others) dated January 22, 2019 (Exhibit A).

Instead, last week, on February 6 (over six weeks after Quicken Loans first asked for Plaintiff's deposition), Plaintiff finally provided Quicken Loans with a proposed deposition date. That date was the week of March 18—after the extended deadline set by this Court for fact discovery on Plaintiff's individual claims. Quicken Loans thus (understandably) requested a date before the expiration of that discovery deadline. Thereafter, in meet and confer discussions, Quicken Loans learned of the scheduling issue for Plaintiff's counsel (including Mr. Ellzey's vacation plans) and

Exhibit 2 - Page 5

**The Hon. Youlee Yim You**
February 15, 2019
Page 3

agreed to request an extension of the discovery deadline to accommodate Mr. and Mrs. Mattson's depositions the following week—11 weeks after they were first noticed.

In his February 6 email communication, Plaintiff also suggested that all parties had agreed to a joint deposition of Mr. Mattson. That was not accurate. As Quicken Loans had repeatedly advised, and memorialized in the January 22 email, it had not agreed to a joint deposition of Plaintiff at any point. In this respect, Plaintiff's representation to this Court that there was such an agreement (Letter at 2) is inaccurate, and contrary to the February 13 conversation wherein Mr. Ellzey conceded that any agreement that had been reached on the matter was among Plaintiff, New Penn, and United Mortgage only (and not Quicken Loans).

Quicken Loans' position on the depositions—which it has maintained since it first requested the depositions, and as was discussed with Plaintiff on February 13—is as follows: Quicken Loans wishes to depose Mr. Mattson in this case. As he has not fully responded to Quicken Loans' August 31, 2018 requests for documents, and because it does not know what Plaintiff will say during the deposition, it must be allowed to reserve the full 7 hours it is permitted under the rules, should the need arise. Again, while Quicken Loans does not anticipate needing the full 7 hours of testimony, it cannot be forced to forego its rights for Plaintiff's convenience because he brought other, unrelated lawsuits. Quicken Loans anticipates a shorter deposition of Mrs. Mattson and believes it could completed the same day as Mr. Mattson's deposition.

Under these circumstances, Quicken Loans' reasonable proposal, shared with Plaintiff on February 13, is that the deposition of Plaintiff commence in the morning on March 18, and once completed, Mrs. Mattson could be produced for her deposition with the defendants in the other cases present. This would minimize the disruption to the Mattson family, and also minimize the travel expense to Quicken Loans. Alternatively, Quicken Loans suggested deposing Mrs. Mattson in the afternoon of March 18, and commencing the deposition of Mr. Mattson early the following morning so that the other defendants could begin deposing Mr. Mattson later that same day.

*          *          *

We look forward to addressing these matters further with the Court at the upcoming conference. Thank you for your consideration.

Sincerely,

*/s/ W. Kyle Tayman*
W. Kyle Tayman

cc:    S. Amanda Marshall
       John P. Kristensen
       Jarrett L. Ellzey
       Gregory K. Zeuthen
       Brooks R. Brown
       James P. Laurick

Exhibit 2 - Page 6

# EXHIBIT A

Exhibit 2 - Page 7

**From:** "Tayman, Kyle" <KTayman@goodwinlaw.com>
**Date:** January 22, 2019 at 9:53:05 AM EST
**To:** John Kristensen <John@kristensenlaw.com>, "Timothy J. Fransen" <tfransen@cosgravelaw.com>, "Suden, Damon" <DSuden@KelleyDrye.com>
**Cc:** Vanessa Brahm <Vanessa@kristensenlaw.com>, "parna.mehrbani@tonkon.com" <parna.mehrbani@tonkon.com>, "jeffrey.bradford@tonkon.com" <jeffrey.bradford@tonkon.com>, "Saylor, James" <JSaylor@KelleyDrye.com>, "Mazzuchetti, Lauri A." <LMazzuchetti@KelleyDrye.com>, Robert Sabido <rsabido@cosgravelaw.com>, "Brown, Brooks R" <BBrown@goodwinlaw.com>, "JLaurick@kilmerlaw.com" <JLaurick@kilmerlaw.com>, David Weisberg <David@kristensenlaw.com>, Christina Le <christina@kristensenlaw.com>, Jesenia Martinez <jesenia@kristensenlaw.com>, "Jarrett Ellzey (jarrett@hughesellzey.com)" <jarrett@hughesellzey.com>, Gregory Zeuthen <gkz@zlawoffice.com>
**Subject: RE: Mattson v New Penn, United Mortgage and Quicken Loans**

Counsel,

I write concerning Quicken Loans' position on scheduling the various depositions that we discussed last week. Per our discussion, the deposition of Quicken Loans' Rule 30(b)(6) witness will occur on February 28.

Quicken Loans is available for the depositions of QuinStreet, ClickPoint and Mr. Passalacqua January 28-February 1, February 4-8, 11-15, and 20-21. Given the travel required, our preference is for the west coast depositions to occur during the same week, with one travel day in between, and scheduled to avoid the need to travel over the weekend.

For the depositions of Erik and Jessica Mattson, Quicken Loans is available for the depositions of the week of March 4-5, 7-8, or the week of March 11. As discussed, we request these depositions be scheduled on consecutive days. At this time, and without having an agreed upon protective from plaintiff, and without having a proposal from plaintiff as to how a single deposition of plaintiff could proceed with all defendants present while protecting our client's confidential information that may be used during plaintiff's deposition, Quicken Loans cannot agree to a joint deposition and intends to reserve its full deposition time. In addition, consistent with the Court's scheduling order, Quicken Loans intends to depose plaintiff only as to his individual claims. If the case

1

Exhibit 2 - Page 8

proceeds to the class certification stage, Quicken Loans would recall plaintiff to depose him regarding his role as the representative of the putative class.

As we had raised during the call, if plaintiff has a proposal to address our client's confidentiality concerns for a joint deposition of plaintiff, we remain open to discussing such a proposal.

Regards,
Kyle

**From:** John Kristensen [mailto:John@kristensenlaw.com]
**Sent:** Tuesday, January 15, 2019 1:07 PM
**To:** Timothy J. Fransen; Suden, Damon
**Cc:** Tayman, Kyle; Vanessa Brahm; parna.mehrbani@tonkon.com; jeffrey.bradford@tonkon.com; Saylor, James; Mazzuchetti, Lauri A.; Robert Sabido; Brown, Brooks R; JLaurick@kilmerlaw.com; David Weisberg; Christina Le; Jesenia Martinez; Jarrett Ellzey (jarrett@hughesellzey.com); Gregory Zeuthen
**Subject:** RE: Mattson v New Penn, United Mortgage and Quicken Loans

Counsel:

Please use this number:

Dial-In            (267) 930-4000
Participants:       256-695

We anticipate discussing:

- ?   Deposition of Nick Passalacqua/Save Big Leads
- ?   Deposition of ClickPoint Software
- ?   Deposition of Quin Street
- ?   Plaintiff and Jessica Mattson Deposition
- ?   Protocols for Plaintiff and wife's privacy

Plaintiff has repeatedly requested depositions for defendants, including some specific individuals. We can deal with those on a case by case basis. However, we are not going to be jammed on those dates all being set at the end of individual discovery. We requested those originally in the summer of 2018.

We look forward to talking with you shortly.

John

**From:** Timothy J. Fransen [mailto:tfransen@cosgravelaw.com]
**Sent:** Monday, January 14, 2019 8:27 AM
**To:** John Kristensen; Suden, Damon
**Cc:** Tayman, Kyle; Vanessa Brahm; parna.mehrbani@tonkon.com; jeffrey.bradford@tonkon.com; Saylor,

Exhibit 2 - Page 9

James; Mazzuchetti, Lauri A.; Robert Sabido; Brown, Brooks R; JLaurick@kilmerlaw.com; David
Weisberg; Christina Le; Jesenia Martinez; Jarrett Ellzey (jarrett@hughesellzey.com); Gregory Zeuthen
**Subject:** RE: Mattson v New Penn, United Mortgage and Quicken Loans


Both Robert Sabido and I will be at a mediation tomorrow, but one of us should be able to call in at
10:30 am Pacific time.

Thanks,

**Timothy J. Fransen** - *Partner*

Cosgrave Vergeer Kester LLP
500 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204

**P** 503.323.9000  **D** 503.219.3807
**F** 503.323.9019  **W** www.cosgravelaw.com

Biography | Email | LinkedIn



**From:** John Kristensen [mailto:John@kristensenlaw.com]
**Sent:** Monday, January 14, 2019 7:47 AM
**To:** Suden, Damon <DSuden@KelleyDrye.com>
**Cc:** Tayman, Kyle <KTayman@goodwinlaw.com>; Vanessa Brahm <Vanessa@kristensenlaw.com>;
parna.mehrbani@tonkon.com; jeffrey.bradford@tonkon.com; Saylor, James
<JSaylor@KelleyDrye.com>; Mazzuchetti, Lauri A. <LMazzuchetti@KelleyDrye.com>; Timothy J. Fransen
<tfransen@cosgravelaw.com>; Robert Sabido <rsabido@cosgravelaw.com>; Brown, Brooks R
<BBrown@goodwinlaw.com>; JLaurick@kilmerlaw.com; David Weisberg <David@kristensenlaw.com>;
Christina Le <christina@kristensenlaw.com>; Jesenia Martinez <jesenia@kristensenlaw.com>; Jarrett
Ellzey (jarrett@hughesellzey.com) <jarrett@hughesellzey.com>; Gregory Zeuthen
<gkz@zlawoffice.com>
**Subject:** Re: Mattson v New Penn, United Mortgage and Quicken Loans

United Mortgage?

Sent from my iPhone

On Jan 14, 2019, at 7:02 AM, Suden, Damon <DSuden@KelleyDrye.com> wrote:

> That works for New Penn too.
>
>
> **DAMON SUDEN**
> Partner
>
> **Kelley Drye & Warren LLP**
> (212) 808-7586
> dsuden@kelleydrye.com

3

Exhibit 2 - Page 10

**From:** Tayman, Kyle [mailto:KTayman@goodwinlaw.com]
**Sent:** Monday, January 14, 2019 9:46 AM
**To:** John Kristensen <John@kristensenlaw.com>; Suden, Damon <DSuden@KelleyDrye.com>; Vanessa Brahm <Vanessa@kristensenlaw.com>; parna.mehrbani@tonkon.com; jeffrey.bradford@tonkon.com; Saylor, James <JSaylor@KelleyDrye.com>; Mazzuchetti, Lauri A. <LMazzuchetti@KelleyDrye.com>; Timothy J. Fransen <tfransen@cosgravelaw.com>; Robert Sabido <rsabido@cosgravelaw.com>; Brown, Brooks R <BBrown@goodwinlaw.com>; JLaurick@kilmerlaw.com
**Cc:** David Weisberg <David@kristensenlaw.com>; Christina Le <christina@kristensenlaw.com>; Jesenia Martinez <jesenia@kristensenlaw.com>; Jarrett Ellzey (jarrett@hughesellzey.com) <jarrett@hughesellzey.com>; Gregory Zeuthen <gkz@zlawoffice.com>
**Subject:** RE: Mattson v New Penn, United Mortgage and Quicken Loans

Tuesday at 1:30pm ET is fine for Quicken Loans.

---

**From:** John Kristensen [mailto:John@kristensenlaw.com]
**Sent:** Sunday, January 13, 2019 10:49 PM
**To:** Tayman, Kyle; Suden, Damon; Vanessa Brahm; parna.mehrbani@tonkon.com; jeffrey.bradford@tonkon.com; Saylor, James; Mazzuchetti, Lauri A.; Timothy J. Fransen; Robert Sabido; Brown, Brooks R; JLaurick@kilmerlaw.com
**Cc:** David Weisberg; Christina Le; Jesenia Martinez; Jarrett Ellzey (jarrett@hughesellzey.com); Gregory Zeuthen
**Subject:** Re: Mattson v New Penn, United Mortgage and Quicken Loans

I will not be available until the afternoon Pacific, as I am moving tomorrow.  Tuesday at 10:30 is good

Sent from my iPhone

On Jan 11, 2019, at 10:45 AM, John Kristensen <John@kristensenlaw.com> wrote:

Let's aim for noon Pacific, 3PM ET.

---

**From:** Tayman, Kyle [mailto:KTayman@goodwinlaw.com]
**Sent:** Friday, January 11, 2019 10:28 AM
**To:** Suden, Damon; John Kristensen; Vanessa Brahm; parna.mehrbani@tonkon.com; jeffrey.bradford@tonkon.com; Saylor, James; Mazzuchetti, Lauri A.; Timothy J. Fransen; Robert Sabido; Brown, Brooks R; JLaurick@kilmerlaw.com
**Cc:** David Weisberg; Christina Le; Jesenia Martinez; Jarrett Ellzey (jarrett@hughesellzey.com); Gregory Zeuthen
**Subject:** RE: Mattson v New Penn, United Mortgage and Quicken Loans

Monday is fine for Quicken Loans, except from 11am-1pm ET.

---

**From:** Suden, Damon [mailto:DSuden@KelleyDrye.com]
**Sent:** Friday, January 11, 2019 1:26 PM
**To:** 'John Kristensen'; Tayman, Kyle; Vanessa Brahm; parna.mehrbani@tonkon.com; jeffrey.bradford@tonkon.com; Saylor, James; Mazzuchetti, Lauri A.; Timothy J. Fransen; Robert Sabido; Brown,

4

Exhibit 2 - Page 11

Brooks R; JLaurick@kilmerlaw.com
**Cc:** David Weisberg; Christina Le; Jesenia Martinez; Jarrett Ellzey
(jarrett@hughesellzey.com); Gregory Zeuthen
**Subject:** RE: Mattson v New Penn, United Mortgage and Quicken Loans

I can talk any time on Monday.

**DAMON SUDEN**
Partner

**Kelley Drye & Warren LLP**
(212) 808-7586
dsuden@kelleydrye.com

**From:** John Kristensen [mailto:John@kristensenlaw.com]
**Sent:** Friday, January 11, 2019 12:29 PM
**To:** Tayman, Kyle <KTayman@goodwinlaw.com>; Vanessa Brahm
<Vanessa@kristensenlaw.com>; parna.mehrbani@tonkon.com;
jeffrey.bradford@tonkon.com; Saylor, James
<JSaylor@KelleyDrye.com>; Suden, Damon <DSuden@KelleyDrye.com>;
Mazzuchetti, Lauri A. <LMazzuchetti@KelleyDrye.com>; Timothy J.
Fransen <tfransen@cosgravelaw.com>; Robert Sabido
<rsabido@cosgravelaw.com>; Brown, Brooks R
<BBrown@goodwinlaw.com>; JLaurick@kilmerlaw.com
**Cc:** David Weisberg <David@kristensenlaw.com>; Christina Le
<christina@kristensenlaw.com>; Jesenia Martinez
<jesenia@kristensenlaw.com>; Jarrett Ellzey
(jarrett@hughesellzey.com) <jarrett@hughesellzey.com>; Gregory
Zeuthen <gkz@zlawoffice.com>
**Subject:** RE: Mattson v New Penn, United Mortgage and Quicken Loans

How is 11 today? Or Monday. We are trying to get
February 7 and 8, set for Plaintiffs, but are no 100%
confirmed.

**From:** Tayman, Kyle [mailto:KTayman@goodwinlaw.com]
**Sent:** Wednesday, January 9, 2019 2:49 PM
**To:** Vanessa Brahm; parna.mehrbani@tonkon.com;
jeffrey.bradford@tonkon.com; Saylor, James; Suden, Damon;
Mazzuchetti, Lauri A.; Timothy J. Fransen; Robert Sabido; Brown, Brooks
R; JLaurick@kilmerlaw.com
**Cc:** John Kristensen; David Weisberg; Christina Le; Jesenia Martinez;
Jarrett Ellzey (jarrett@hughesellzey.com); Gregory Zeuthen
**Subject:** RE: Mattson v New Penn, United Mortgage and Quicken Loans

Quicken Loans is available for a call this Friday any time
before 2:30pm ET.

5

Exhibit 2 - Page 12

Thanks,
Kyle


W. Kyle Tayman
Partner



Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001
o  +1 202 346 4245
f  +1 202 204 7309

KTayman@goodwinlaw.com | goodwinlaw.com

---

**From:** Vanessa Brahm [mailto:Vanessa@kristensenlaw.com]
**Sent:** Wednesday, January 09, 2019 3:29 PM
**To:** parna.mehrbani@tonkon.com; jeffrey.bradford@tonkon.com; Saylor, James; Suden, Damon; Mazzuchetti, Lauri A.; Timothy J. Fransen; Robert Sabido; Tayman, Kyle; Brown, Brooks R; JLaurick@kilmerlaw.com
**Cc:** John Kristensen; David Weisberg; Christina Le; Jesenia Martinez; Jarrett Ellzey (jarrett@hughesellzey.com); Gregory Zeuthen
**Subject:** Mattson v New Penn, United Mortgage and Quicken Loans

Counsel,
Please see the attached correspondence.

Best regards,

Vanessa Brahm
<image001.png>
12540 Beatrice St., Suite 200
Los Angeles, CA 90066
Tel:  (310) 507-7924 | Fax:  (310) 507-7906
vanessa@kristensenlaw.com | www.kristensenlaw.com

This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain information that is confidential and protected by law from unauthorized disclosure. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.


*****************************************************
*************
This message was sent from Goodwin Procter LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a

6

Exhibit 2 - Page 13

designated recipient, you may not review, copy or distribute this
message. If you receive this in error, please notify the sender by
reply e-mail and delete this message. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*

This message is subject to Kelley Drye & Warren LLP's email
communication policy.
<u>KDW-Disclaimer</u>

DO NOT read, copy or disseminate this communication unless you are the intended addressee. This e-mail communication may contain
confidential and/or privileged information intended only for the addressee. If you have received this communication in error, please call us
(collect) immediately at (503) 323-9000 and ask to speak to the sender of the communication. Also, please e-mail the sender and notify the
sender immediately that you have received the communication in error.

Scanned by Mimecast. Email certified safe by CVK.

Exhibit 2 - Page 14