S. Amanda Marshall – OSB No. 953473
**S. AMANDA MARSHALL, LLC**
4545 SW Angel Avenue
Beaverton, Oregon 97005
Phone: (503) 472-7190
*amanda@maclaw.law*

Gregory K. Zeuthen – OSB No. 843961
**GREGORY K. ZEUTHEN, ATTORNEY AT LAW, P.C.**
210 SW Morrison Street, Suite 400
Portland, Oregon 97204
Phone: (503) 227-7257
Fax: (503) 228-1556
*gkz@zlawoffice.com*

Jarrett L. Ellzey – Texas Bar No. 24040864
*(Pro Hac Vice)*
Leigh S. Montgomery – Texas Bar No. 24052214 *(Pro Hac Vice)*
**ELLZEY & ASSOCIATES, PLLC**
(FKA HUGHES ELLZEY, LLP)
1105 Milford
Houston, Texas 77006
Phone: (713) 554-2377
Fax: (888) 276-3455
*jarrett@ellzeylaw.com*
*leigh@ellzeylaw.com*

John P. Kristensen – Cal. Bar No. 224132
*(Pro Hac Vice)*
**KRISTENSEN WEISBERG, LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Phone: (310) 507-7924
Fax: (310) 507-7906
*john@kristensenlaw.com*

**ATTORNEYS FOR PLAINTIFF AND THE PROPOSED CLASS**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ERIK MATTSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | Case No. 3:18-cv-00989-YY<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to this Court's July 12, 2021 request, Plaintiff Erik Mattson ("Plaintiff") and Defendant Quicken Loans, LLC ("Quicken Loans" and, together with Plaintiff, the "Parties") hereby submit this Joint Status Report "for resolving the remainder of this case and the outstanding discovery issues" in light of Chief Judge Hernandez's order granting Defendant's motion to deny

class certification in *Mattson v. New Penn*, 3:18-cv-00990, ECF No. 98 (the "*New Penn* Order*"*).

Plaintiff has filed a petition for permission to appeal the *New Penn* Order to the Ninth Circuit pursuant to Fed. R. Civ. P. 23(f) and the matter has been assigned Case No. 21-80089. *See* Attached Ninth Circuit Acknowledgement. Given the pending Rule 23(f) petition, the Parties agree that all class certification-related proceedings, including class discovery and class certification motion practice, and trial should be stayed pending the Ninth Circuit's disposition of Plaintiff's Rule 23(f) petition in *New Penn* and, if granted, the Ninth Circuit's disposition of Plaintiff's appeal. As such, with respect to future class certification-related proceedings, the Parties propose that this Court direct them to file a Joint Status Report setting forth their respective positions on (i) the necessity, scope and scheduling of any additional class certification-related proceedings and discovery in this action, and (ii) the scope and scheduling of any trial proceedings. The Parties further propose that this Court direct them to file this Joint Status Report within seven (7) days following (i) an order denying Plaintiff's Rule 23(f) petition in *New Penn* or, (ii) if that petition is granted, a decision on Plaintiff's appeal.

While the Parties are in agreement about staying class certification-proceedings and trial at this time, they disagree about whether additional proceedings and outstanding discovery issues relating to Plaintiff's individual claims should be stayed pending the Ninth Circuit's disposition of Plaintiff's Rule 23(f) petition in *New Penn*. The Parties' respective positions and proposals with respect to this disagreement are set forth below in Sections A (Plaintiff's Position) and B (Quicken Loans' Position) for the Court's consideration.

### A. Plaintiff's Position on Individual Discovery and Post-Discovery Motions

As to discovery on Plaintiff's individual claim and post-discovery motions on the individual, the parties disagree. Individual discovery concluded on March 22, 2019 and dispositive motions related to Plaintiff's individual claim were to be filed by April 22, 2019. *See* Doc. 40,

Order extending deadlines. Since the last order providing deadlines for individual discovery, this Court has never issued a new or amended order re-opening individual discovery in this matter.

Nevertheless, Quicken Loans attempted to serve Plaintiff with discovery requests primarily related to individual liability issues on February 12, 2021, in advance of the parties' scheduling conference set on March 4, 2021 and prior to any order of the Court re-opening individual merits-based discovery in this matter. On March 4, 2021, the Court did not issue new scheduling order(s) related to this matter or re-open individual merits discovery in this case. Thereafter, during the pendency of the appeal of *New Penn's* Motion to Deny Class Certification, Plaintiff filed a motion to stay the proceedings in this case.[1] Of the three defendants at issue in these related class action cases, only Quicken Loans partially opposed the stay and insisted on proceeding with individual merits discovery, to be followed by a new motion for summary judgment on Plaintiff's individual claim.

Plaintiff maintains its position that individual discovery was closed, pursuant to this Court's last order, on March 22, 2019 and that the case, in its entirety, should be stayed pending resolution of Plaintiff's upcoming interlocutory appeal. The only remaining discovery and briefing in this case are (and should remain) for class discovery and class certification briefing. Quicken Loans had every opportunity to discover whatever it needed from Mattson during the initial discovery in this case, and also cannot show that the proposed discovery and forthcoming motion for summary judgment will be any different than the prior summary judgment. There is and remains a fact issue in this case on Plaintiff's individual claim. Other than class discovery and

---

[1] Although Plaintiff requested this Court stay the proceedings in this matter pending the outcome of Plaintiff's objections to the recommendations and findings on *the New Penn* Order, Plaintiff in no way has "conceded" the *New Penn* Order (or the appeal thereof) is completely dispositive of the class certification issues in this case. However, there can be no doubt, depending on the outcome of the issues presented, an appellate ruling on the *New Penn* Order will likely have *some* impact on class discovery and certification in this case.

Page 3 - **JOINT STATUS REPORT**

briefing, all that remains is trial. As the expanse and breadth of issues to be tried is directly impacted by the outcome of Plaintiff's appeal, this case should be stayed in all respects pending the outcome of Plaintiff's forthcoming appeal of the order granting *New Penn's* motion to deny class certification.

Alternatively, should the Court disagree that the entirety of the case be stayed during the pendency of Plaintiff's appeal *and* that Quicken Loans' proposed individual merits-based discovery could not have been discovered during the initial individual discovery phase, then the Court should set forth a deadline for propounding such discovery and allow Plaintiff the full time under the Rules to provide his objections and responses thereto. Any discovery previously propounded by Quicken Loans after March 22, 2019, but prior to the issuance of a new scheduling order (and any responses thereto) should be disregarded as improper. The Court should also set forth a new dispositive motion deadline for Quicken Loans' proposed summary judgment, but again, only if such motion has a different basis than Quicken Loans' original motion.

Even should the Court find that additional written discovery on the merits of Plaintiff's individual claim are warranted, the requested written discovery would not resolve the factual dispute on Plaintiff's claim, as determined by Defendant herein. There is nothing in Chief Judge Hernandez' order denying Defendant's prior summary judgment that indicates if Plaintiff's cell phone costs were deducted as a business expense, then Defendant was entitled to summary judgment. Doc. 71, pg. 3. The Order cites the *Clauss* opinion, denying a summary judgment where there was evidence both that the phone number was a business number and a residential number. Doc. 71, pg. 4; *Clauss v. Legend Sec., Inc.*, No. 4:13-cv-00381-JAJ, 2014 WL 10007080, at *3 (S.D. Iowa Sept. 8, 2017). In the *Clauss* case, the Plaintiff's phone number, while listed as a residential phone number in the phone book and registered with the do-not-call registry, was also

utilized on a couple of cases filed in Plaintiff's capacity as an attorney, as well as listed on publicly available websites for Plaintiff's business. *Id.,* 2014 WL 10007080, at *2.

Should Defendant get a second bite at the apple, and even if the evidence shows a business deduction for Plaintiff's cell phone, there will still be a genuine issue of material fact as to whether Plaintiff's mixed-use phone is entitled to TCPA protection. Plaintiff asserts that it is. However Plaintiff's cell-phone expenses may have been treated for tax purposes, could not change his one and only phone, which is his only residential line with his cellular provider, to be exempt from the TCPA's protections. Plaintiff's business has a separate phone line that it holds out for its business purposes. No discovery regarding a potential tax deduction is going to resolve the parties' dispute on the individual merits claim and re-hashing those arguments will be a redundant waste of resources.

Plaintiff seeks to complete this case in the most efficient manner possible. Considering all remaining issues in this case are wrapped up in Plaintiff's forthcoming appeal (class discovery, certification briefing, and trial), Plaintiff asserts the entirety of this case be stayed pending the outcome of Plaintiff's appeal to the Ninth Circuit.

**B.   Quicken Loans' Position on Resolving the Outstanding Discovery Dispute to Potentially Resolve Plaintiff's Individual Claim.**

As set forth in detail in its partial opposition (ECF No. 88 (the "Stay Opposition")) to Plaintiff's prior stay motion, Quicken Loans' position remains that this Court should permit additional proceedings relating to Plaintiff's individual claim during the pendency Plaintiff's appeal of the *New Penn* Order. Those proceedings will be necessary regardless of the outcome of Plaintiff's appeal of the *New Penn* Order and may obviate the need for class certification-related proceedings in this action even in the unlikely event that Plaintiff's class certification appeal in

*New Penn* is successful.[2]  Indeed, in meet and confer communications relating to this Status Report, Quicken Loans asked Plaintiff whether he would agree to dismiss this action with prejudice if the Ninth Circuit denied his forthcoming Rule 23(f) petition in *New Penn* or affirmed this Court's granting Defendant's motion to deny class certification in *New Penn*.  Plaintiff responded that he was unwilling do so, and thus confirmed that additional proceedings relating to his individual claim in this case will be necessary regardless of the outcome of the class certification appellate proceedings in *New Penn*.  Under these circumstances, there is no legitimate reason this Court and the Parties should stay (and further delay) proceedings relating to his individual claim.  Instead, in the interest of judicial economy and efficiency, this Court and the Parties should use the time that *New Penn* is before the Ninth Circuit on **class certification** issues to advance the resolution of the outstanding issues and discovery relating to Plaintiff's ***individual claim***.

With all this in mind, Quicken Loans requests, pursuant to its April 2, 2021 email to the Court, that this Court set a discovery conference for the week of August 2, 2021 (or as soon as practicable thereafter) to resolve the Parties' outstanding discovery dispute as to the discovery Quicken Loans served to resolve the narrow fact disputes identified by the Court (Hernandez, C.J.)

---

[2] By previously requesting that this Court (You, M.J.) stay all proceedings in this action pending the Court's (Hernandez, C.J.) resolution of the class certification issue in *New Penn*, Mattson effectively conceded (and does so again here (*see* Note 1, *supra*)) that the class certification decision in *New Penn* should apply with equal force in this action.  ECF No. 86 at 4 ("Here, the Court should exercise its discretion to stay this action pending a ruling on Plaintiff's forthcoming objections to the proposed Findings and Recommendations [to deny class certification] issued in [the *New Penn*] case because a resolution and final determination of whether there is an [sic] uncertainty about Plaintiff's standing that renders him an atypical and inadequate class representative in the [New Penn] case will have direct bearing on the determination of the same issue in the present case.").  This concession makes sense because (a) the same legal and factual grounds upon which this Court denied class certification in *New Penn* exist in this case, and (b) Mattson asserts the same TCPA claim here as in *New Penn* based upon purported calls to the same number during the same time period.

Page  6 -  **JOINT STATUS REPORT**

as precluding summary judgment in favor of Quicken Loans on Plaintiff's individual claims.[3] After obtaining that discovery, Quicken Loans further proposes that this Court permit it to pursue a renewed motion for summary judgment to dispose of this lawsuit without the need for a trial. This renewed motion for summary judgment will address (i) the few discrete factual disputes this Court (Hernandez, C.J.) previously held precluded summary judgment; (ii) the arguments regarding Quicken Loans' affirmative defenses that this Court did not address on the merits because the Court concluded the argument was untimely raised only on reply; and (iii) those arguments not addressed or resolved by the Court's prior ruling. *See* Stay Opposition at 3-4.

With respect to the outstanding dispute, on April 2, 2021 pursuant to this Court's (You, M.J.) procedures, Quicken Loans emailed the Court to request a discovery conference on Plaintiff's refusal to respond to narrowly-tailored discovery served by Quicken Loans to address Plaintiff's individual claim and his ability to serve as a class representative. That discovery primarily addresses the discrete factual issue identified by Chief Judge Hernandez on summary judgment about whether Plaintiff's number is a business or residential telephone number. In ruling on summary judgment in this matter, and despite Plaintiff's testimony that he believed expenses of the telephone number and telephone were deducted by Plaintiff's company (Westland Investors) as business expenses for federal and state tax reporting purposes, Chief Judge Hernandez found—in this case and in Plaintiff's case against *New Penn*—that there was a dispute of fact as to whether the number was a business line and whether Westland Investors had deducted the expenses associated with Plaintiff's phone as a business expense for tax reporting purposes. ECF No. 79;

---

[3] Plaintiff's request that this Court direct Quicken Loans reserve this same discovery and provide him with another opportunity to respond is another attempt to create unnecessary delay, burden and expense. Quicken Loans already served the subject discovery, Plaintiff had a full and fair opportunity to object and respond pursuant to Fed. R. Civ. P. 34, and Quicken Loans already identified the discovery dispute to this Court following a meet and confer with Plaintiff's counsel. *See* April 2, 2021 email from James Laurick to Trish Hunt.

*New Penn* ECF No. 71 (Summary Judgment Order) at 3 (concluding that "Plaintiff's testimony that he believed, but was not sure, that Westland Investors deducted the expense of the Verizon bill as a business expense on its income tax return," was insufficient to allow the Court to conclude that there was no dispute of fact that the phone bill was deducted as a business expense). By contrast, in recommending summary judgment in favor of Quicken Loans, this Court (You, M.J.) concluded that Plaintiff's "belief that Westland deducts the cost of his phone and phone service as business expenses is irreconcilable with his assertion that the phone is for personal use." ECF No. 69 at 9 (Findings and Recommendation).

In light of the summary judgment ruling and this Court's conclusion that Plaintiff's testimony as to his *belief* that Westland Investors did deduct the expenses for tax purposes was not sufficient to demonstrate the absence of a dispute of fact, Quicken Loans served the targeted at-issue discovery to address the insufficiency identified by Chief Judge Hernandez. While Plaintiff protests that the discovery is foreclosed because the time for discovery on his individual claim has passed, that is neither accurate nor reasonable under the circumstances.[4]

---

[4] Plaintiff also asserts that the discovery should be foreclosed he predicts that it will not change the prior result on summary judgment. This assertion need not detain this Court long because Plaintiff's prediction about how this Court will rule upon a motion that has not been filed is not a legitimate basis to deny the discovery. It will be for this Court to decide — with the benefit of (a) undisputed facts concerning whether Plaintiff and Westland Investor deducted the costs of Plaintiff's phone and phone service for federal and state tax purposes (*i.e.*, facts this Court (You, M.J.) already concluded are "irreconcilable" with any assertion that Plaintiff's phone is for personal use), and (b) the other undisputed facts and arguments set forth by Quicken Loans in a renewed motion for summary judgment— whether summary judgment in favor of Quicken Loans is appropriate. This Court should have the opportunity to consider those facts on a renewed summary judgment motion and preclude Plaintiff's ongoing attempt to prevent it from doing so.

In addition, Plaintiff's argument that the discovery will be a "waste" of resources because he predicts that it will not change the result on summary judgment misses the mark. If summary judgment is denied and this case proceeds to trial on Plaintiff's individual claim, then the discovery will assist trier of fact in assessing, among other things, whether Plaintiff's self-serving label of his phone as a "residential line" when his company (Westland Investors) — a company of which

First, there is no order by the Court stating that after March 22, 2019, discovery on Plaintiff's individual claim was forever closed and would not be permitted under any circumstances for the remainder of the case, as Plaintiff now posits. Even if that were true, it is within the inherent power of this Court to control its docket and allow discovery to proceed (or reopen) as it sees fit. ECF No. 88 at 7.

Second, Quicken Loans is not seeking new discovery—it is seeking to resolve discovery it propounded to Plaintiff in the form of a deposition question that he did not answer with sufficient certainty for this Court. That question directly concerns an element of Plaintiff's claim on which he bears the burden to prove—that the telephone line was a residential phone line entitled to the protections of the Do Not Call list, and not his business's telephone line that is not entitled to such protections. Under these circumstances, either Plaintiff must answer the discovery propounded and served by Quicken Loans so that it may file a renewed motion for summary judgment, or he should be precluded from disputing that Westland Investors deducted the expense of the phone and associated line as a business expense. If Plaintiff is permitted to evade the discovery and take a position at trial that contradicts his belief that Westland Investors claimed the phone line as a business line for purposes of federal and state tax law, it would create a litigation advantage through discovery-evasion. It would also be incredibly wasteful and inefficient under Plaintiff's proposal to stay the case indefinitely and wait until trial to resolve that question when the answer is knowable now. Indeed, if Westland Investors did not deduct the expense, Plaintiff has not substantiated any burden or difficulty in answering that discovery now, in advance of trial. And if it did deduct those expenses, it would unquestionably resolve the factual dispute identified by

---

Plaintiff is a one-third owner — treated the phone as a "business line" for federal and state tax reporting purposes to reduce its tax exposure is accurate and credible.

Page 9 - **JOINT STATUS REPORT**

Chief Judge Hernandez. *See* ECF No. 69 at 9 ("Mattson is asking this court to sanction his alleged use of company funds for his personal expenses, which the court cannot do.").

For these and the additional reasons set forth in the Stay Opposition, Quicken Loans proposes that this Court proceed by (1) setting a discovery conference for the week of August 2, 2021 (or the earliest available date), on the disputed discovery Mattson has refused to produce, and (2) set a briefing schedule at that conference for Quicken Loans to file its renewed motion for summary judgment.

Dated:  July 27, 2021

Respectfully Submitted,

By: */s/ Jarrett L. Ellzey*
**Jarrett L. Ellzey** – jarrett@ellzeylaw.com
Texas Bar No. 24040864 (*Pro Hac Vice*)
**Leigh S. Montgomery** -leigh@ellzeylaw.com
Texas Bar No. 24052214 (*Pro Hac Vice*)
**ELLZEY & ASSOCIATES, PLLC**
1105 Milford
Houston, Texas 77006
Phone: (713) 554-2377
Fax: (888) 276-3455

**Gregory K. Zeuthen** – gkz@zlawoffice.com
Oregon Bar No. 843961
**GREGORY K. ZEUTHEN,
ATTORNEY AT LAW, P.C.**
210 SW Morrison Street, Suite 400
Portland, Oregon 97204
Phone: (503) 227-7257
Fax: (503) 228-1556

**S. Amanda Marshall** – amanda@maclaw.law
Oregon Bar No. 953473
**S. AMANDA MARSHALL, LLC**
4545 SW Angel Avenue
Beaverton, Oregon 97005
Phone: (503) 472-7190

**John P. Kristensen**-john@kristensenlaw.com

Cal. Bar No. 224132 (*Pro Hac Vice*)
**KRISTENSEN WEISBERG, LLP**
12540 Beatrice Street, Suite 200
Los Angeles, CA 90066
Phone: (310) 507-7924
Fax: (310) 507-7906

**ATTORNEYS FOR PLAINTIFF AND THE PROPOSED CLASS**

AND

KILMER VOORHEES & LAURICK, P.C.

*/s/ Brooks R. Brown\**
James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
732 NW 19th Avenue
Portland, OR  97209
Phone No.:  (503) 224-0055
Fax No.:  (503) 222-5290

Brooks R. Brown (*pro hac vice*)
W. Kyle Tayman (*pro hac vice*)
Goodwin Procter LLP
1900 N St., NW
Washington, DC  20036
bbrown@goodwinlaw.com
ktayman@goodwinlaw.com

*Attorneys for Quicken Loans, LLC.*

\* with permission