```
 1                 IN THE UNITED STATES DISTRICT COURT

 2                    FOR THE DISTRICT OF OREGON

 3                        PORTLAND DIVISION

 4

 5
       ERIK MATTSON, individually and on  )
 6     behalf of all others similarly      )
       situated,                           )  No. 3:18-cv-00989-YY
 7                                          )
                            Plaintiff,      )  August 5, 2021
 8                                          )
                   v.                       )  Portland, Oregon
 9                                          )
       QUICKEN LOANS INC.,                  )
10                                          )
                            Defendant.      )
11

12

13                    TRANSCRIPT OF PROCEEDINGS

14              (Discovery hearing by teleconference)

15

16             BEFORE THE HONORABLE YOULEE YIM YOU

17        UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

18

19

20

21

22

23     COURT REPORTER:
24     Kellie M. Humiston, RMR, CRR
       (503) 326-8186
25     Kellie_Humiston@ord.uscourts.gov
```

```
 1                    A P P E A R A N C E S

 2

 3   FOR THE PLAINTIFF:

 4                          HUGHES ELZY
                           By:  Leigh Skye Montgomery
 5                          1105 Milford Street
                           Houston, TX 77006
 6

 7   FOR THE PLAINTIFF:

 8                          S. AMANDA MARSHALL
                           1318 NW Northup Street
 9                          Portland, OR 97209

10

11   FOR THE DEFENDANT:

12                          GOODWIN PROCTER
                           By:  Brooks R. Brown
13                          1900 N Street, NW
                           Washington, DC 20036-1612
14

15   FOR THE DEFENDANT:

16                          KILMER VOORHEES & LAURICK
                           By:  James P. Laurick
17                          2701 NW Vaughn Street
                           Suite 780
18                          Portland, OR 97210

19

20   FOR THE DEFENDANT:

21                          GOODWIN PROCTER
                           By:  W. Kyle Tayman
22                          1900 N Street, NW
                           Washington, DC 20036
23

24

25
```

```
 1                    (August 5, 2021, 9:01 a.m.)

 2                      P R O C E E D I N G S

 3

 4          THE COURT:  Good morning, counsel.  This is Judge You.

 5   We are on the record in Mattson v. Quicken loans, Case Number

 6   3:18-cv-989.

 7          Let me begin by asking if we have plaintiff's counsel

 8   on the phone.

 9          MS. MONTGOMERY:  Yes, Your Honor.  This is Leigh

10   Montgomery for Plaintiff Erik Mattson.

11          MS. MARSHALL:  And this is Amanda Marshall for

12   Plaintiff Erik Mattson.

13          THE COURT:  Thank you.  Anyone else?  Okay.

14          All right.  Then let me move to Quicken Loans.  Who's

15   representing Quicken today?

16          MR. TAYMAN:  Good morning, Your Honor.  This is Kyle

17   Tayman for Quicken Loans.

18          MR. LAURICK:  And James Laurick is also on the line

19   here, Your Honor.  I'm local counsel for Quicken Loans.

20          MR. BROWN:  And Brooks Brown, Your Honor.

21          THE COURT:  Okay.  Thank you.  Do we have local counsel

22   for -- oh, yes, we do.  Of course, Miss Marshall.  All right.

23          Okay.  So we are here, as you know, to discuss the

24   scheduling and discovery issues that you so thoroughly and

25   clearly articulated in your joint statements.  I really
```

1    appreciate that.

2              So let me begin by asking if you saw the order that the

3    court issued, if everyone saw the order that the court issued in

4    the *New Penn* case staying all proceedings in this case until the

5    Ninth Circuit Court of Appeals' disposition of plaintiff's Rule

6    23(f) petition?  Does that -- is that language that everyone --

7    or is that something that everyone agrees should be entered in

8    this case?

9              MR. TAYMAN:  This is Kyle Tayman, Your Honor.  This is

10   Kyle Tayman for Quicken Loans.  I'll respond on behalf of Quicken

11   Loans.

12             Yes, Your Honor, we did see that order.  And pursuant

13   to our statement in the joint status report and our prior

14   scheduling submission from September, we agree that class

15   certification proceedings and discovery in class should be stayed

16   pending the resolution of *New Penn,* however, we think we -- we

17   should be entitled to continue to proceed with discovery on

18   Mr. Mattson's individual claim in order to resolve the remaining

19   fact disputes from summary judgment, and also we should be

20   allowed to pursue a renewed motion for summary judgment to

21   address the issues falling from Judge Hernandez' order denying

22   our motion, because we think, one, we can resolve those fact

23   disputes, and two, that there were predicate issues that the

24   Court did not reach based on pleading or because we addressed

25   other arguments that are still ripe for decision and can be

1    resolved on summary judgment, and if not resolved, would greatly

2    benefit the sufficiency of trial.

3           And as we made clear, Mr. Mattson has said he fully

4    intends to pursue his individual claim no matter the outcome of

5    the *New Penn* appeal.  So we do believe that discovery should go

6    forward on Mr. Mattson's individual claim as well as we should be

7    allowed to pursue the renewed motion for summary judgment.

8           THE COURT:  Sure.  I understand, and we'll get to that

9    issue in just a moment.  I just wanted to confirm that everyone

10   was on the same page about staying this case until that

11   certification issue or the ultimate appeal was resolved by the

12   Ninth Circuit.

13          MS. MONTGOMERY:  Your Honor, on behalf of plaintiff,

14   this is Leigh Montgomery.  We obviously are in favor of a stay

15   pending this appeal and its resolution in the Ninth Circuit.

16          THE COURT:  Okay.  Thank you.

17          So let me move, then, to the discovery issue.  And back

18   to Mr. Tayman, I understand that you are seeking some additional

19   discovery with respect to the tax issue.  Could you describe

20   specifically what it is that you are seeking in terms of

21   additional discovery?  What are you proposing?

22          MR. TAYMAN:  Yes.  Kyle Tayman for Quicken Loans again.

23   Yes, Your Honor.  We're seeking to just clarify the fact of

24   whether Westland Investors deducted for purposes of federal and

25   state tax law the expenses of the cellphone line and cellphone at

1   issue in this case.  The Court denied our motion for summary
2   judgment, claiming there was a dispute of fact as to whether or
3   not it's a business line.  And in denying *New Penn*'s similar
4   motion for summary judgment, the Court specifically relied on
5   Mr. Mattson's testimony that he believed his company did deduct
6   it, but was not certain.
7           And so we believe resolution of that issue will greatly
8   aid the Court in resolving summary judgment.  And even if there
9   is a fact dispute somehow still after that, it would greatly aid
10  any trial, because we will resolve this issue and avoid the need
11  for additional witnesses and testimony at trial.
12          So in February, Your Honor, we served Mr. Mattson with
13  limited and targeted discovery on this issue.  Specifically, we
14  served nine requests for admissions on whether Westland deducted
15  the phone and business line as a -- as a tax deduction, and then
16  we separately served nine requests for admissions on the payment
17  of the -- of the phone and the telephone line that we think are
18  undisputed facts based on Mr. Mattson's testimony, and we just
19  want to simplify that for trial.
20          And we also -- just for clarity, we also served two
21  additional requests for admissions on Quicken Loans policies and
22  procedures as to Count 2, which, again, we think the Court
23  already found were undisputed as a matter of fact, and we want to
24  avoid that issue for trial.
25          We served at the same time, four interrogatories asking

1   Mr. Mattson to identify the Westland employees or owners

2   responsible for the federal and state tax reporting, and asking

3   Mr. Mattson to identify Westland's accountants and to identify

4   his own accountant, again, so that we can understand this issue

5   of were the -- was the business -- was the cellular line and the

6   phone deducted as a business expense for tax purposes.

7            And then we served two document requests for any

8   document Mr. Mattson relied upon to answer those requests for

9   admission or interrogatories.

10           There were some other discovery, Your Honor, that we

11  served at the same time concerning class, and the parties are in

12  agreement that does not need to be answered at this time.

13           So, again, we served that in February.  Mr. Mattson

14  responded in March with objections only.  He did not answer any

15  of them.  His primary objection was that individual merits

16  discovery was closed.

17           We met and conferred with his counsel on March 26.

18  They would only discuss the issue of whether or not merits

19  discovery was open, and refused to discuss their other

20  objections, which included relevancy and the claim that somehow

21  this discovery is not within Mr. Mattson's possession, custody,

22  or control, that it is only within Westland's.

23           And that brought us to the present dispute, where we

24  have not been able to advance this for the past six months since

25  the discovery has been served.

1          THE COURT:  All right.  Thank you, Counsel.

2          Let me tell you that -- and, of course, I want to hear

3    from plaintiff as well, but let me tell you that I'm inclined to

4    allow additional discovery on this issue so that it could be

5    presented at trial, but I'm not inclined to allow another motion

6    for summary judgment, because my findings and recommendations

7    discussed specifically Mattson's belief that Westland deducts the

8    cost of his phone and phone service.  And in spite of that, Judge

9    Hernandez found that on the facts in the record, a reasonable

10   jury could conclude that the subject number is a residential

11   number.

12         So I just don't think it's going to make any difference

13   in terms of summary judgment to present evidence that, in fact,

14   Westland does deduct this line.  I think that based on what I'm

15   seeing in the F&R and Judge Hernandez' -- Chief Judge Hernandez'

16   order declining to adopt the F&R, that it's an issue that was

17   before the Court already, although maybe not as specifically, and

18   I think that it would be redundant and not -- and also burdensome

19   on the plaintiff to have to relitigate that issue.

20         However, I think that while we're in this state of --

21   while we're in -- while we're experiencing somewhat of a delay, I

22   think that it's reasonable to allow discovery on that issue so

23   that ultimately the trier of fact can decide whether this is a

24   residential number or not.

25         So let me -- with that -- with those thoughts in mind,

1   let me turn to plaintiff's counsel to see what your thoughts are.

2            MS. MONTGOMERY:  So of course we agree with Your Honor

3   about the summary judgment issues, and believe that the previous

4   order on summary judgment was clear that there was -- there's a

5   factual dispute here.

6            As far as the discovery requested, really plaintiff's

7   issue is the lack of clarification on the scheduling and what

8   discovery is open, what is available, and what they are allowed

9   to serve and do.  And if it's just answer the -- fully the

10  written discovery, we just want an order from the Court, or would

11  request an order from the Court clarifying just this, you know,

12  written discovery is allowed or whether it's open on all of

13  discovery again, because we did have lengthy discovery and a

14  lengthy deposition on these issues.

15           And I do understand that the -- you know, Judge

16  Hernandez' order makes clear it was not an -- it was not

17  conclusively established as to whether the business deducted the

18  expense, and I do understand that that issue may come up later.

19           I'm trying to understand what the schedule is of

20  discovery and whether it's just answer this -- these written

21  questions, as counsel has set forth in their joint status report,

22  or whether they're seeking to go further.

23           And one issue in particular is concerning, because the

24  interrogatory request only asks for identification of

25  individuals.  To me, that says, "Now I want to depose those

1    individuals," instead of, "I just want to serve this discrete

2    discovery that is to clear up one factual issue that was

3    remaining after lengthy individual merits discovery already

4    concluded."

5              So that's -- that's plaintiff's position, is just to

6    get some clarity from the Court as to the scope of what we're

7    going to do moving forward, if anything, on the individual claim.

8              THE COURT:  And turning back to Mr. Tayman, you listed

9    a number of different requests that you were making with respect

10   to discovery, and I'm not sure I was able to take notes quickly

11   enough to catch everything it was that you were requesting.  So I

12   guess my -- I guess my -- my question really is where the dispute

13   lies between the parties in terms of what additional discovery

14   would be allowed.

15             So assuming I'm not going to allow additional motion

16   practice, to what extent are you unable to resolve the issue of

17   additional discovery on the, as Mr. Tayman described, limited and

18   targeted issue?

19             MS. MONTGOMERY:  Are you asking plaintiff's counsel?

20   This is Leigh Montgomery.

21             THE COURT:  Well, I'm asking -- I guess I'm asking both

22   of you if -- where the dispute lies and if it's something that

23   you cannot resolve.

24             I hear from Ms. Montgomery that you need some -- you

25   wanted the Court to order some -- before acquiescing to it, you

1    needed some -- you wanted some order from the Court.

2              So I don't want to micromanage, is basically what I'm

3    trying to say.  If you can -- if I'm going to allow some limited

4    and targeted discovery on the question of whether this was a

5    deducted expense for tax purposes, with that in mind, is -- can

6    you work out the parameters to what -- regarding what it is that

7    defendants are asking -- defendant is asking for or do you need

8    further help from me?

9              MS. MONTGOMERY:  I -- well, I guess the question would

10   be more for the defendant if the -- if the request, the written

11   discovery request is the extent of the discovery that they want

12   to pursue and the Court is going to, as I assume, issue some --

13   some sort of order today allowing for that written discovery.  If

14   that's all that defendants want to pursue, the ones that they've

15   already served, then, no, I don't think we have a dispute on

16   that.

17             And like I said, it was just getting some clarity on

18   what we're doing since the last order had closed the individual

19   merits, but understanding Your Honor's position, if it's -- if

20   Quicken Loans' only goal was to get answers to the discovery that

21   he outlined and has already served in February, then we don't

22   have a dispute over that.  The dispute would be on what else they

23   may want to do.

24             THE COURT:  Okay.  Thank you.

25             Turning back to Mr. Tayman.

1          MR. TAYMAN:  Yes.  Kyle Tayman for Quicken Loans.

2          Your Honor, I -- hearing what Miss Montgomery said, it

3     seems that we would have agreement on that, that we want the

4     written discovery served, answered.

5          With respect to needing the Court's assistance, one of

6     the objections that plaintiff raised in that discovery was

7     claiming he doesn't have possession, custody, or control over the

8     information as to whether his company deducted it for federal and

9     state tax purposes.  And if that's going to be -- if they're

10    going to stand on that objection, we would need the Court's

11    assistance, because we think it's inconsistent for Mr. Mattson to

12    tell this Court that he fictionally paid for the phone line

13    because he's one-third owner of the company, even though he

14    didn't actually pay for it, and then tell the Court that he can't

15    answer this discovery because it's not in his possession,

16    custody, or control.

17         If he's going to take that position, then we would be

18    forced to either get this Court's help or pursue a Rule 45

19    subpoena to Westland Investors, but we think it's inconsistent

20    with positions he's already taken to this Court to claim now that

21    he doesn't have possession, custody, or control over this,

22    particularly when he's already produced documents from Westland

23    during the normal course of discovery.  So if that's not going to

24    be an issue, I think we can resolve this with the written

25    discovery.

1       We do not anticipate at this time taking -- serving any

2   additional written discovery or other third-party discovery.

3   That's, of course, subject to seeing what the answer is from

4   Mr. Mattson, because, again, if he's claiming he doesn't know or

5   that the information's with his accountant, then we would have to

6   go potentially get that, but we don't -- you know, we are hopeful

7   that the answers would resolve this once and for all and that we

8   wouldn't need the Court's additional assistance.  Um --

9       THE COURT:  All right.  I understand.  Did you want to

10   say something else?

11       MR. TAYMAN:  Yes, Your Honor.  Again, Kyle Tayman for

12   Quicken Loans.

13       I did want to just briefly address the Court's position

14   on renewing motion for summary judgment.  We would respectfully

15   ask that the Court at least reserve judgment on whether or not

16   we'd be allowed to do that until we get this discovery, because I

17   would remind the Court that in the *New Penn* ruling, Judge

18   Hernandez determined there was two disputes of fact.  He said

19   there was a dispute of fact as to whether or not Westland

20   Investors deducted the phone line as a -- for tax purposes, and

21   that's what we were trying to resolve.  And then he subsequently,

22   based on that and other evidence, determined there's a dispute of

23   fact as to whether it was a residential or business line.

24       Even putting that aside, the court also did not reach

25   our affirmative defense on Count 1, because he concluded that we

1    did not allege that the calls were a result of an error until our

2    reply brief.  And he did not deny our motion on that ground with

3    prejudice, so we think there would be an opportunity to renew

4    that, and we think it would be beneficial for the Court to

5    resolve that issue, which really is a question of law, in advance

6    of trial and it would certainly benefit the trial and the fact

7    finder.

8           And then also with respect to our renewed motion for

9    summary judgment, Your Honor, on Count 2, Your Honor denied --

10   recommended denial based on the determination that Mr. Mattson

11   had not -- had not revoked his consent, and Judge Hernandez

12   reversed.

13          However, we had another argument that was never reached

14   because of that, which is that as a matter of law, and this was

15   undisputed by Mr. Mattson, and Judge Hernandez and you both found

16   that this was undisputed, that we've implemented the proper

17   policies and procedures under the regulations, and that's

18   sufficient to defeat his claim in Count 2.  So that was never

19   reached fully by the Court.  So we do think there would be reason

20   here to renew a motion for summary judgment.

21          And in our December submission, we did cite case law

22   under the Ninth Circuit, including the *Hoffman v. Tonnemacher*

23   case from 2010, where the Ninth Circuit does promote successive

24   motion for summary judgment, particularly where there's an

25   expanded factual record.

1          So we would ask, at least at the minimum, the Court

2    reserve judgment as to whether or not we'd be allowed to pursue a

3    renewed motion until after this fact dispute is resolved, and at

4    that time, we could ask the Court for permission to come back and

5    let you know where we are and see if that would change the

6    Court's determination whether or not we should be allowed to do

7    that.

8          THE COURT:  I understand what you're arguing here.  The

9    way I see it is that this question of whether the phone was

10   deducted has always been at issue.  It's not a new issue that the

11   parties were unaware of.  I mean, Mr. Mattson has been asked

12   about it and it was the subject of debate with respect to the

13   motion for summary judgment.

14          And so what I -- what I'm concerned about is that --

15   well, let me back up and say so that's one -- one, I think,

16   important factor, is that this is not some new thing that people

17   were unaware of.  And I'm going to allow additional discovery on

18   this issue, because I think that ultimately the fact finder needs

19   to make some determinations about it, but to reopen the motion

20   for summary judgment when it was clear that dispositive motions

21   were to be filed by a particular day, I think, would be

22   fundamentally unfair to the plaintiff due to the additional

23   expense, time.

24          Of course, as cases evolve, issues or -- as cases

25   evolve, issues receive, I think, more clarification.  And there,

1    I think, are extraordinary circumstances where -- or I shouldn't
2    say "extraordinary."
3            To deviate from the scheduling order, there has to be
4    good cause, and -- and I guess in sum, I just don't find that
5    here where, as I said, this is an issue that people were aware of
6    at the time of the dispositive motion deadline.
7            If there was some new evidence or something to that
8    effect on an issue that the parties were unaware of, then, you
9    know, that's a different story, but we have to be mindful of the
10   purpose of the scheduling order and the effect that it can have
11   on the other party to allow repeated dispositive motions, and --
12   and so that's how I see it under these circumstances.
13           So I'm not going to issue an order that allows you to
14   renew the motion that you're making right now, or the request
15   that you're making right now after discovery has been completed,
16   because I just don't see how things are going to change, based on
17   what you have said.
18           Okay.  So then on the issue of discovery with respect
19   to the tax deduction, the written discovery that Quicken Loans
20   has identified will be permitted.
21           As for whether any additional discovery will be
22   allowed, that is something that Quicken can come back to the
23   Court with -- I'm not going to foreclose that option, because I
24   just don't know -- because Quicken Loans doesn't know at this
25   point what the responses are going to be.

1          Okay.  Anything else --

2          MS. MONTGOMERY:  Yes, Your Honor.

3          THE COURT:  -- that the parties would like to discuss

4    today?

5          MS. MONTGOMERY:  No, Your Honor.

6          MR. BROWN:  Your Honor, this is Brooks Brown.  Just one

7    question as to the timing for the plaintiffs to respond to that,

8    that discovery has been outstanding for some time now.

9          THE COURT:  Well, sure.  Of course, today is the day

10   that they found out they need to, so --

11         MR. BROWN:  Yes.  Fair enough.

12         THE COURT:  So Miss Montgomery, were you going to

13   respond?

14         MS. MONTGOMERY:  Yes.  If we could have 2 weeks to get

15   our responses in order.  We're having -- as the defendant pointed

16   out, we're having to try to reach out to, you know, more than

17   just my client.  It's not just Mr. Mattson.  So we would

18   appreciate if we could have 2 weeks for those responses.

19         THE COURT:  Two weeks sounds completely reasonable to

20   me.  Any objection by Quicken Loans?

21         MR. TAYMAN:  No objection from Quicken Loans.

22         THE COURT:  Okay.  And it was a good point to clarify

23   when that would be completed, so I do appreciate that you

24   mentioned it.

25         Okay.  Anything else to discuss today?

1          MS. MONTGOMERY:  Nothing for plaintiff, Your Honor.

2          MR. TAYMAN:  Kyle Tayman for Quicken Loans.  Nothing

3  from us, Your Honor.

4          THE COURT:  Okay.  Thank you very much.

5          MR. TAYMAN:  Thank you, Your Honor.

6          THE COURT:  I hope everyone has a productive remainder

7  of the day.

8          We'll be adjourned.  Thank you.

9          MS. MONTGOMERY:  Thank you.

10          (Proceedings concluded at 9:27 a.m.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                      **C E R T I F I C A T E**

2

3            I certify by signing below that the foregoing is a true

4    and correct transcript of the record, taken by stenographic

5    means, to the best of my ability, of the telephonic proceedings

6    in the above-entitled cause.

7            Due to the telephonic connections of parties appearing

8    via videoconference, speakerphone, or cell phone, speakers

9    talking over one another, speakers failing to enunciate, speakers

10   not identifying themselves before they speak, and/or other

11   technical difficulties that occur during telephonic proceedings,

12   this certification is limited by the above-mentioned reasons and

13   any technological difficulties of such proceedings occurring over

14   the telephone.

15           A transcript without an original signature, conformed

16   signature, or digitally-signed signature is not certified.

17

18       DATED this 26th day of August, 2021.

19

20                             /s/ Kellie M. Humiston

21                             Kellie M. Humiston, RMR, CRR
                               Official Court Reporter
22                             Certificates Expire:  9/2021

23

24

25

## /

**/s** [1] - 19:20

## 1

**1** [1] - 13:25
**1105** [1] - 2:5
**1318** [1] - 2:8
**1900** [2] - 2:13, 2:22

## 2

**2** [5] - 6:22, 14:9,
  14:18, 17:14, 17:18
**20036** [1] - 2:22
**20036-1612** [1] - 2:13
**2010** [1] - 14:23
**2021** [3] - 1:7, 3:1,
  19:18
**23(f** [1] - 4:6
**26** [1] - 7:17
**26th** [1] - 19:18
**2701** [1] - 2:17

## 3

**326-8186** [1] - 1:24
**3:18-cv-00989-YY** [1] -
  1:6
**3:18-cv-989** [1] - 3:6

## 4

**45** [1] - 12:18

## 5

**5** [2] - 1:7, 3:1
**503** [1] - 1:24

## 7

**77006** [1] - 2:5
**780** [1] - 2:17

## 9

**9/2021** [1] - 19:22
**97209** [1] - 2:9
**97210** [1] - 2:18
**9:01** [1] - 3:1
**9:27** [1] - 18:10

## A

**a.m** [2] - 3:1, 18:10
**ability** [1] - 19:5
**able** [2] - 7:24, 10:10
**above-entitled** [1] -
  19:6
**above-mentioned** [1]
  - 19:12
**accountant** [2] - 7:4,
  13:5
**accountants** [1] - 7:3
**acquiescing** [1] -
  10:25
**additional** [13] - 5:18,
  5:21, 6:11, 6:21, 8:4,
  10:13, 10:15, 10:17,
  13:2, 13:8, 15:17,
  15:22, 16:21
**address** [2] - 4:21,
  13:13
**addressed** [1] - 4:24
**adjourned** [1] - 18:8
**admission** [1] - 7:9
**admissions** [3] - 6:14,
  6:16, 6:21
**adopt** [1] - 8:16
**advance** [2] - 7:24,
  14:5
**agree** [2] - 4:14, 9:2
**agreement** [2] - 7:12,
  12:3
**agrees** [1] - 4:7
**aid** [2] - 6:8, 6:9
**allege** [1] - 14:1
**allow** [7] - 8:4, 8:5,
  8:22, 10:15, 11:3,
  15:17, 16:11
**allowed** [9] - 4:20, 5:7,
  9:8, 9:12, 10:14,
  13:16, 15:2, 15:6,
  16:22
**allowing** [1] - 11:13
**allows** [1] - 16:13
**Amanda** [1] - 3:11
**AMANDA** [1] - 2:8
**answer** [6] - 7:8, 7:14,
  9:9, 9:20, 12:15,
  13:3
**answered** [2] - 7:12,
  12:4
**answers** [2] - 11:20,
  13:7
**anticipate** [1] - 13:1
**appeal** [3] - 5:5, 5:11,
  5:15
**Appeals'** [1] - 4:5
**appearing** [1] - 19:7
**appreciate** [3] - 4:1,
  17:18, 17:23
**arguing** [1] - 15:8
**argument** [1] - 14:13
**arguments** [1] - 4:25
**articulated** [1] - 3:25
**aside** [1] - 13:24
**assistance** [3] - 12:5,

19:6
**above-mentioned** [1]
  - 19:12

12:11, 13:8
**assume** [1] - 11:12
**assuming** [1] - 10:15
**August** [1] - 1:7, 3:1,
  19:18
**available** [1] - 9:8
**avoid** [2] - 6:10, 6:24
**aware** [1] - 16:5

## B

**based** [6] - 4:24, 6:18,
  8:14, 13:22, 14:10,
  16:16
**BEFORE** [1] - 1:16
**begin** [2] - 3:7, 4:2
**behalf** [3] - 1:6, 4:10,
  5:13
**belief** [1] - 8:7
**below** [1] - 19:3
**beneficial** [1] - 14:4
**benefit** [2] - 5:2, 14:6
**best** [1] - 19:5
**between** [1] - 10:13
**brief** [1] - 14:2
**briefly** [1] - 13:13
**Brooks** [3] - 2:12,
  3:20, 17:6
**brought** [1] - 7:23
**Brown** [3] - 2:12, 3:20,
  17:6
**BROWN** [3] - 3:20,
  17:6, 17:11
**burdensome** [1] -
  8:18
**business** [6] - 6:3,
  6:15, 7:5, 7:6, 9:17,
  13:23

## C

**cannot** [1] - 10:23
**Case** [1] - 3:5
**case** [7] - 4:4, 4:8,
  5:10, 6:1, 14:21,
  14:23
**cases** [2] - 15:24
**catch** [1] - 10:11
**cell** [1] - 19:8
**cellphone** [1] - 5:25
**cellular** [1] - 7:5
**certain** [1] - 6:6
**certainly** [1] - 14:6
**Certificates** [1] - 19:22
**certification** [3] - 4:15,
  5:11, 19:12
**certified** [1] - 19:16
**certify** [1] - 19:3
**change** [2] - 15:5,
  16:16

**Chief** [1] - 8:15
**Circuit** [5] - 4:5, 5:12,
  5:15, 14:22, 14:23
**circumstances** [2] -
  16:1, 16:12
**cite** [1] - 14:21
**claim** [7] - 4:18, 5:4,
  5:6, 7:20, 10:7,
  12:20, 14:18
**claiming** [3] - 6:2,
  12:7, 13:4
**clarification** [2] - 9:7,
  15:25
**clarify** [2] - 5:23, 17:22
**clarifying** [1] - 9:11
**clarity** [3] - 6:20, 10:6,
  11:17
**class** [3] - 4:14, 4:15,
  7:11
**clear** [5] - 5:3, 9:4,
  9:16, 10:2, 15:20
**clearly** [1] - 3:25
**client** [1] - 17:17
**closed** [2] - 7:16,
  11:18
**company** [3] - 6:5,
  12:8, 12:13
**completed** [2] - 16:15,
  17:23
**completely** [1] - 17:19
**concerned** [1] - 15:14
**concerning** [2] - 7:11,
  9:23
**conclude** [1] - 8:10
**concluded** [3] - 10:4,
  13:25, 18:10
**conclusively** [1] - 9:17
**conferred** [1] - 7:17
**confirm** [1] - 5:9
**conformed** [1] - 19:15
**connections** [1] - 19:7
**consent** [1] - 14:11
**continue** [1] - 4:17
**control** [4] - 7:22,
  12:7, 12:16, 12:21
**correct** [1] - 19:4
**cost** [1] - 8:8
**counsel** [8] - 3:4, 3:7,
  3:19, 3:21, 7:17, 9:1,
  9:21, 10:19
**Counsel** [1] - 8:1
**Count** [4] - 6:22,
  13:25, 14:9, 14:18
**course** [7] - 3:22, 8:2,
  9:2, 12:23, 13:3,
  15:24, 17:9
**court** [3] - 4:3, 13:24
**COURT** [21] - 1:1,
  1:17, 1:23, 3:4, 3:13,
  3:21, 5:8, 5:16, 8:1,

10:8, 10:21, 11:24,
  13:9, 15:8, 17:3,
  17:9, 17:12, 17:19,
  17:22, 18:4, 18:6
**Court** [24] - 4:5, 4:24,
  6:1, 6:4, 6:8, 6:22,
  8:17, 9:10, 9:11,
  10:6, 10:25, 11:1,
  11:12, 12:12, 12:14,
  12:20, 13:15, 13:17,
  14:4, 14:19, 15:1,
  15:4, 16:23, 19:21
**Court's** [6] - 12:5,
  12:10, 12:18, 13:8,
  13:13, 15:6
**CRR** [2] - 1:24, 19:21
**custody** [4] - 7:21,
  12:7, 12:16, 12:21

## D

**DATED** [1] - 19:18
**DC** [2] - 2:13, 2:22
**deadline** [1] - 16:6
**debate** [1] - 15:12
**December** [1] - 14:21
**decide** [1] - 8:23
**decision** [1] - 4:25
**declining** [1] - 8:16
**deduct** [2] - 6:5, 8:14
**deducted** [8] - 5:24,
  6:14, 7:6, 9:17, 11:5,
  12:8, 13:20, 15:10
**deduction** [2] - 6:15,
  16:19
**deducts** [1] - 8:7
**defeat** [1] - 14:18
**Defendant** [1] - 1:10
**defendant** [3] - 11:7,
  11:10, 17:15
**DEFENDANT** [3] -
  2:11, 2:15, 2:20
**defendants** [2] - 11:7,
  11:14
**defense** [1] - 13:25
**delay** [1] - 8:21
**denial** [1] - 14:10
**denied** [2] - 6:1, 14:9
**deny** [1] - 14:2
**denying** [2] - 4:21, 6:3
**depose** [1] - 9:25
**deposition** [1] - 9:14
**describe** [1] - 5:19
**described** [1] - 10:17
**determination** [2] -
  14:10, 15:6
**determinations** [1] -
  15:19
**determined** [2] -
  13:18, 13:22

**deviate** [1] - 16:3
**difference** [1] - 8:12
**different** [2] - 10:9, 16:9
**difficulties** [2] - 19:11, 19:13
**digitally** [1] - 19:16
**digitally-signed** [1] - 19:16
**discovery** [46] - 3:24, 4:15, 4:17, 5:5, 5:17, 5:19, 5:21, 6:13, 7:10, 7:16, 7:19, 7:21, 7:25, 8:4, 8:22, 9:6, 9:8, 9:10, 9:12, 9:13, 9:20, 10:2, 10:3, 10:10, 10:13, 10:17, 11:4, 11:11, 11:13, 11:20, 12:4, 12:6, 12:15, 12:23, 12:25, 13:2, 13:16, 15:17, 16:15, 16:18, 16:19, 16:21, 17:8
**Discovery** [1] - 1:14
**discrete** [1] - 10:1
**discuss** [5] - 3:23, 7:18, 7:19, 17:3, 17:25
**discussed** [1] - 8:7
**disposition** [1] - 4:5
**dispositive** [3] - 15:20, 16:6, 16:11
**dispute** [12] - 6:2, 6:9, 7:23, 9:5, 10:12, 10:22, 11:15, 11:22, 13:19, 13:22, 15:3
**disputes** [3] - 4:19, 4:23, 13:18
**DISTRICT** [3] - 1:1, 1:2, 1:17
**DIVISION** [1] - 1:3
**document** [2] - 7:7, 7:8
**documents** [1] - 12:22
**due** [1] - 15:22
**Due** [1] - 19:7
**during** [2] - 12:23, 19:11

### E

**effect** [2] - 16:8, 16:10
**either** [1] - 12:18
**ELZY** [1] - 2:4
**employees** [1] - 7:1
**entered** [1] - 4:7
**entitled** [2] - 4:17, 19:6
**enunciate** [1] - 19:9
**ERIK** [1] - 1:5

**Erik** [2] - 3:10, 3:12
**error** [1] - 14:1
**established** [1] - 9:17
**evidence** [3] - 8:13, 13:22, 16:7
**evolve** [2] - 15:24, 15:25
**expanded** [1] - 14:25
**expense** [4] - 7:6, 9:18, 11:5, 15:23
**expenses** [1] - 5:25
**experiencing** [1] - 8:21
**Expire** [1] - 19:22
**extent** [2] - 10:16, 11:11
**extraordinary** [2] - 16:1, 16:2

### F

**F&R** [2] - 8:15, 8:16
**fact** [14] - 4:19, 4:22, 5:23, 6:2, 6:9, 6:23, 8:13, 8:23, 13:18, 13:19, 13:23, 14:6, 15:3, 15:18
**factor** [1] - 15:16
**facts** [2] - 6:18, 8:9
**factual** [3] - 9:5, 10:2, 14:25
**failing** [1] - 19:9
**fair** [1] - 17:11
**falling** [1] - 4:21
**far** [1] - 9:6
**favor** [1] - 5:14
**February** [3] - 6:12, 7:13, 11:21
**federal** [3] - 5:24, 7:2, 12:8
**fictionally** [1] - 12:12
**filed** [1] - 15:21
**finder** [2] - 14:7, 15:18
**findings** [1] - 8:6
**FOR** [6] - 1:2, 2:3, 2:7, 2:11, 2:15, 2:20
**forced** [1] - 12:18
**foreclose** [1] - 16:23
**foregoing** [1] - 19:3
**forth** [1] - 9:21
**forward** [2] - 5:6, 10:7
**four** [1] - 6:25
**fully** [3] - 5:3, 9:9, 14:19
**fundamentally** [1] - 15:22

### G

**goal** [1] - 11:20

**GOODWIN** [2] - 2:12, 2:21
**greatly** [3] - 5:1, 6:7, 6:9
**ground** [1] - 14:2
**guess** [5] - 10:12, 10:21, 11:9, 16:4

### H

**hear** [2] - 8:2, 10:24
**hearing** [2] - 1:14, 12:2
**help** [2] - 11:8, 12:18
**Hernandez** [4] - 8:9, 13:18, 14:11, 14:15
**Hernandez'** [4] - 4:21, 8:15, 9:16
**Hoffman** [1] - 14:22
**Honor** [21] - 3:9, 3:16, 3:19, 3:20, 4:9, 4:12, 5:13, 5:23, 6:12, 7:10, 9:2, 12:2, 13:11, 14:9, 17:2, 17:5, 17:6, 18:1, 18:3, 18:5
**Honor's** [1] - 11:19
**HONORABLE** [1] - 1:16
**hope** [1] - 18:6
**hopeful** [1] - 13:6
**Houston** [1] - 2:5
**HUGHES** [1] - 2:4
**Humiston** [3] - 1:24, 19:20, 19:21

### I

**identification** [1] - 9:24
**identified** [1] - 16:20
**identify** [3] - 7:1, 7:3
**identifying** [1] - 19:10
**implemented** [1] - 14:16
**important** [1] - 15:16
**IN** [1] - 1:1
**INC** [1] - 1:9
**inclined** [2] - 8:3, 8:5
**included** [1] - 7:20
**including** [1] - 14:22
**inconsistent** [2] - 12:11, 12:19
**individual** [7] - 4:18, 5:4, 5:6, 7:15, 10:3, 10:7, 11:18
**individually** [1] - 1:5
**individuals** [2] - 9:25, 10:1
**information** [1] - 12:8

**information's** [1] - 13:5
**instead** [1] - 10:1
**intends** [1] - 5:4
**interrogatories** [2] - 6:25, 7:9
**interrogatory** [1] - 9:24
**Investors** [3] - 5:24, 12:19, 13:20
**issue** [31] - 5:9, 5:11, 5:17, 5:19, 6:1, 6:7, 6:10, 6:13, 6:24, 7:4, 7:18, 8:4, 8:16, 8:19, 8:22, 9:7, 9:18, 9:23, 10:2, 10:16, 10:18, 11:12, 12:24, 14:5, 15:10, 15:18, 16:5, 16:8, 16:13, 16:18
**issued** [2] - 4:3
**issues** [7] - 3:24, 4:21, 4:23, 9:3, 9:14, 15:24, 15:25

### J

**James** [2] - 2:16, 3:18
**joint** [3] - 3:25, 4:13, 9:21
**Judge** [9] - 3:4, 4:21, 8:8, 8:15, 9:15, 13:17, 14:11, 14:15
**JUDGE** [1] - 1:17
**judgment** [19] - 4:19, 4:20, 5:1, 5:7, 6:2, 6:4, 6:8, 8:6, 8:13, 9:3, 9:4, 13:14, 13:15, 14:9, 14:20, 14:24, 15:2, 15:13, 15:20
**jury** [1] - 8:10

### K

**Kellie** [3] - 1:24, 19:20, 19:21
**Kellie_Humiston@ ord.uscourts.gov** [1] - 1:25
**KILMER** [1] - 2:16
**Kyle** [8] - 2:21, 3:16, 4:9, 4:10, 5:22, 12:1, 13:11, 18:2

### L

**lack** [1] - 9:7
**language** [1] - 4:6
**last** [1] - 11:18
**LAURICK** [2] - 2:16,

3:18
**Laurick** [2] - 2:16, 3:18
**law** [4] - 5:25, 14:5, 14:14, 14:21
**least** [2] - 13:15, 15:1
**Leigh** [4] - 2:4, 3:9, 5:14, 10:20
**lengthy** [3] - 9:13, 9:14, 10:3
**lies** [2] - 10:13, 10:22
**limited** [5] - 6:13, 10:17, 11:3, 19:12
**line** [10] - 3:18, 5:25, 6:3, 6:15, 6:17, 7:5, 8:14, 12:12, 13:20, 13:23
**listed** [1] - 10:8
**LOANS** [1] - 1:9
**loans** [1] - 3:5
**Loans** [14] - 3:14, 3:17, 3:19, 4:10, 4:11, 5:22, 6:21, 12:1, 13:12, 16:19, 16:24, 17:20, 17:21, 18:2
**Loans'** [1] - 11:20
**local** [2] - 3:19, 3:21

### M

**MAGISTRATE** [1] - 1:17
**March** [2] - 7:14, 7:17
**Marshall** [2] - 3:11, 3:22
**MARSHALL** [2] - 2:8, 3:11
**matter** [3] - 5:4, 6:23, 14:14
**Mattson** [15] - 3:5, 3:10, 3:12, 5:3, 6:12, 7:1, 7:3, 7:8, 7:13, 12:11, 13:4, 14:10, 14:15, 15:11, 17:17
**MATTSON** [1] - 1:5
**Mattson's** [6] - 4:18, 5:6, 6:5, 6:18, 7:21, 8:7
**mean** [1] - 15:11
**means** [1] - 19:5
**mentioned** [2] - 17:24, 19:12
**merits** [4] - 7:15, 7:18, 10:3, 11:19
**met** [1] - 7:17
**micromanage** [1] - 11:2
**Milford** [1] - 2:5
**mind** [2] - 8:25, 11:5

**mindful** [1] - 16:9
**minimum** [1] - 15:1
**Miss** [3] - 3:22, 12:2, 17:12
**moment** [1] - 5:9
**Montgomery** [7] - 2:4, 3:10, 5:14, 10:20, 10:24, 12:2, 17:12
**MONTGOMERY** [10] - 3:9, 5:13, 9:2, 10:19, 11:9, 17:2, 17:5, 17:14, 18:1, 18:9
**months** [1] - 7:24
**morning** [2] - 3:4, 3:16
**motion** [17] - 4:20, 4:22, 5:7, 6:1, 6:4, 8:5, 10:15, 13:14, 14:2, 14:8, 14:20, 14:24, 15:3, 15:13, 15:19, 16:6, 16:14
**motions** [2] - 15:20, 16:11
**move** [2] - 3:14, 5:17
**moving** [1] - 10:7
**MR** [12] - 3:16, 3:18, 3:20, 4:9, 5:22, 12:1, 13:11, 17:6, 17:11, 17:21, 18:2, 18:5
**MS** [11] - 3:9, 3:11, 5:13, 9:2, 10:19, 11:9, 17:2, 17:5, 17:14, 18:1, 18:9

## N

**need** [7] - 6:10, 7:12, 10:24, 11:7, 12:10, 13:8, 17:10
**needed** [1] - 11:1
**needing** [1] - 12:5
**needs** [1] - 15:18
**never** [2] - 14:13, 14:18
**New** [5] - 4:4, 4:16, 5:5, 6:3, 13:17
**new** [3] - 15:10, 15:16, 16:7
**nine** [2] - 6:14, 6:16
**Ninth** [5] - 4:5, 5:12, 5:15, 14:22, 14:23
**normal** [1] - 12:23
**Northup** [1] - 2:8
**notes** [1] - 10:10
**nothing** [2] - 18:1, 18:2
**number** [4] - 8:10, 8:11, 8:24, 10:9
**Number** [1] - 3:5
**NW** [4] - 2:8, 2:13, 2:17, 2:22

## O

**objection** [4] - 7:15, 12:10, 17:20, 17:21
**objections** [3] - 7:14, 7:20, 12:6
**obviously** [1] - 5:14
**occur** [1] - 19:11
**occurring** [1] - 19:13
**OF** [2] - 1:2, 1:13
**Official** [1] - 19:21
**once** [1] - 13:7
**one** [9] - 4:22, 9:23, 10:2, 12:5, 12:13, 15:15, 17:6, 19:9
**one-third** [1] - 12:13
**ones** [1] - 11:14
**open** [3] - 7:19, 9:8, 9:12
**opportunity** [1] - 14:3
**option** [1] - 16:23
**OR** [2] - 2:9, 2:18
**order** [18] - 4:2, 4:3, 4:12, 4:18, 4:21, 8:16, 9:4, 9:10, 9:11, 9:16, 10:25, 11:1, 11:13, 11:18, 16:3, 16:10, 16:13, 17:15
**OREGON** [1] - 1:2
**Oregon** [1] - 1:8
**original** [1] - 19:15
**outcome** [1] - 5:4
**outlined** [1] - 11:21
**outstanding** [1] - 17:8
**own** [1] - 7:4
**owner** [1] - 12:13
**owners** [1] - 7:1

## P

**page** [1] - 5:10
**paid** [1] - 12:12
**parameters** [1] - 11:6
**particular** [2] - 9:23, 15:21
**particularly** [2] - 12:22, 14:24
**parties** [6] - 7:11, 10:13, 15:11, 16:8, 17:3, 19:7
**party** [2] - 13:2, 16:11
**past** [1] - 7:24
**pay** [1] - 12:14
**payment** [1] - 6:16
**pending** [2] - 4:16, 5:15
**Penn** [3] - 4:4, 4:16, 5:5, 13:17
**Penn's** [1] - 6:3
**people** [2] - 15:16,

16:5
**permission** [1] - 15:4
**permitted** [1] - 16:20
**petition** [1] - 4:6
**phone** [10] - 3:8, 6:15, 6:17, 7:6, 8:8, 12:12, 13:20, 15:9, 19:8
**Plaintiff** [3] - 1:7, 3:10, 3:12
**plaintiff** [6] - 5:13, 8:3, 8:19, 12:6, 15:22, 18:1
**PLAINTIFF** [2] - 2:3, 2:7
**plaintiff's** [6] - 3:7, 4:5, 9:1, 9:6, 10:5, 10:19
**plaintiffs** [1] - 17:7
**pleading** [1] - 4:24
**point** [2] - 16:25, 17:22
**pointed** [1] - 17:15
**policies** [2] - 6:21, 14:17
**PORTLAND** [1] - 1:3
**Portland** [3] - 1:8, 2:9, 2:18
**position** [4] - 10:5, 11:19, 12:17, 13:13
**positions** [1] - 12:20
**possession** [4] - 7:21, 12:7, 12:15, 12:21
**potentially** [1] - 13:6
**practice** [1] - 10:16
**predicate** [1] - 4:23
**prejudice** [1] - 14:3
**present** [2] - 7:23, 8:13
**presented** [1] - 8:5
**previous** [1] - 9:3
**primary** [1] - 7:15
**procedures** [2] - 6:22, 14:17
**proceed** [1] - 4:17
**Proceedings** [1] - 18:10
**PROCEEDINGS** [1] - 1:13
**proceedings** [5] - 4:4, 4:15, 19:5, 19:11, 19:13
**PROCTER** [2] - 2:12, 2:21
**produced** [1] - 12:22
**productive** [1] - 18:6
**promote** [1] - 14:23
**proper** [1] - 14:16
**proposing** [1] - 5:21
**purpose** [1] - 16:10
**purposes** [5] - 5:24,

7:6, 11:5, 12:9, 13:20
**pursuant** [1] - 4:12
**pursue** [7] - 4:20, 5:4, 5:7, 11:12, 11:14, 12:18, 15:2
**putting** [1] - 13:24

## Q

**questions** [1] - 9:21
**QUICKEN** [1] - 1:9
**Quicken** [18] - 3:5, 3:14, 3:15, 3:17, 3:19, 4:10, 5:22, 6:21, 11:20, 12:1, 13:12, 16:19, 16:22, 16:24, 17:20, 17:21, 18:2
**quickly** [1] - 10:10

## R

**raised** [1] - 12:6
**reach** [3] - 4:24, 13:24, 17:16
**reached** [2] - 14:13, 14:19
**really** [4] - 3:25, 9:6, 10:12, 14:5
**reason** [1] - 14:19
**reasonable** [3] - 8:9, 8:22, 17:19
**reasons** [1] - 19:12
**receive** [1] - 15:25
**recommendations** [1] - 8:6
**recommended** [1] - 14:10
**record** [4] - 3:5, 8:9, 14:25, 19:4
**redundant** [1] - 8:18
**refused** [1] - 7:19
**regarding** [1] - 11:6
**regulations** [1] - 14:17
**relevancy** [1] - 7:20
**relied** [2] - 6:4, 7:8
**relitigate** [1] - 8:19
**remainder** [1] - 18:6
**remaining** [2] - 4:18, 10:3
**remind** [1] - 13:17
**renew** [3] - 14:3, 14:20, 16:14
**renewed** [4] - 4:20, 5:7, 14:8, 15:3
**renewing** [1] - 13:14
**reopen** [1] - 15:19
**repeated** [1] - 16:11
**reply** [1] - 14:2

**report** [2] - 4:13, 9:21
**Reporter** [1] - 19:21
**REPORTER** [1] - 1:23
**reporting** [1] - 7:2
**representing** [1] - 3:15
**request** [5] - 9:11, 9:24, 11:10, 11:11, 16:14
**requested** [1] - 9:6
**requesting** [1] - 10:11
**requests** [6] - 6:14, 6:16, 6:21, 7:7, 7:8, 10:9
**reserve** [2] - 13:15, 15:2
**residential** [3] - 8:10, 8:24, 13:23
**resolution** [3] - 4:16, 5:15, 6:7
**resolve** [9] - 4:18, 4:22, 6:10, 10:16, 10:23, 12:24, 13:7, 13:21, 14:5
**resolved** [4] - 5:1, 5:11, 15:3
**resolving** [1] - 6:8
**respect** [5] - 5:19, 10:9, 12:5, 14:8, 15:12, 16:18
**respectfully** [1] - 13:14
**respond** [3] - 4:10, 17:7, 17:13
**responded** [1] - 7:14
**responses** [3] - 16:25, 17:15, 17:18
**responsible** [1] - 7:2
**result** [1] - 14:1
**reversed** [1] - 14:12
**revoked** [1] - 14:11
**ripe** [1] - 4:25
**RMR** [2] - 1:24, 19:21
**Rule** [2] - 4:5, 12:18
**ruling** [1] - 13:17

## S

**saw** [2] - 4:2, 4:3
**schedule** [1] - 9:19
**scheduling** [5] - 3:24, 4:14, 9:7, 16:3, 16:10
**scope** [1] - 10:6
**see** [6] - 4:12, 9:1, 15:5, 15:9, 16:12, 16:16
**seeing** [2] - 8:15, 13:3
**seeking** [4] - 5:18, 5:20, 5:23, 9:22

**separately** [1] - 6:16
**September** [1] - 4:14
**serve** [2] - 9:9, 10:1
**served** [12] - 6:12, 6:14, 6:16, 6:20, 6:25, 7:7, 7:11, 7:13, 7:25, 11:15, 11:21, 12:4
**service** [1] - 8:8
**serving** [1] - 13:1
**set** [1] - 9:21
**signature** [3] - 19:15, 19:16
**signed** [1] - 19:16
**signing** [1] - 19:3
**similar** [1] - 6:3
**similarly** [1] - 1:6
**simplify** [1] - 6:19
**situated** [1] - 1:6
**six** [1] - 7:24
**Skye** [1] - 2:4
**somewhat** [1] - 8:21
**sort** [1] - 11:13
**sounds** [1] - 17:19
**speakerphone** [1] - 19:8
**speakers** [3] - 19:8, 19:9
**specifically** [5] - 5:20, 6:4, 6:13, 8:7, 8:17
**spite** [1] - 8:8
**stand** [1] - 12:10
**state** [4] - 5:25, 7:2, 8:20, 12:9
**statement** [1] - 4:13
**statements** [1] - 3:25
**STATES** [2] - 1:1, 1:17
**status** [2] - 4:13, 9:21
**stay** [1] - 5:14
**stayed** [1] - 4:15
**staying** [2] - 4:4, 5:10
**stenographic** [1] - 19:4
**still** [2] - 4:25, 6:9
**story** [1] - 16:9
**Street** [5] - 2:5, 2:8, 2:13, 2:17, 2:22
**subject** [3] - 8:10, 13:3, 15:12
**submission** [2] - 4:14, 14:21
**subpoena** [1] - 12:19
**subsequently** [1] - 13:21
**successive** [1] - 14:23
**sufficiency** [1] - 5:2
**sufficient** [1] - 14:18
**Suite** [1] - 2:17
**sum** [1] - 16:4

**summary** [17] - 4:19, 4:20, 5:1, 5:7, 6:1, 6:4, 6:8, 8:6, 8:13, 9:3, 9:4, 13:14, 14:9, 14:20, 14:24, 15:13, 15:20

### T

**targeted** [3] - 6:13, 10:18, 11:4
**tax** [9] - 5:19, 5:25, 6:15, 7:2, 7:6, 11:5, 12:9, 13:20, 16:19
**Tayman** [12] - 2:21, 3:17, 4:9, 4:10, 5:18, 5:22, 10:8, 10:17, 11:25, 12:1, 13:11, 18:2
**TAYMAN** [8] - 3:16, 4:9, 5:22, 12:1, 13:11, 17:21, 18:2, 18:5
**technical** [1] - 19:11
**technological** [1] - 19:13
**teleconference** [1] - 1:14
**telephone** [2] - 6:17, 19:14
**telephonic** [3] - 19:5, 19:7, 19:11
**terms** [3] - 5:20, 8:13, 10:13
**testimony** [3] - 6:5, 6:11, 6:18
**THE** [26] - 1:1, 1:2, 1:16, 2:3, 2:7, 2:11, 2:15, 2:20, 3:4, 3:13, 3:21, 5:8, 5:16, 8:1, 10:8, 10:21, 11:24, 13:9, 15:8, 17:3, 17:9, 17:12, 17:19, 17:22, 18:4, 18:6
**themselves** [1] - 19:10
**they've** [1] - 11:14
**third** [2] - 12:13, 13:2
**third-party** [1] - 13:2
**thoroughly** [1] - 3:24
**thoughts** [2] - 8:25, 9:1
**timing** [1] - 17:7
**today** [5] - 3:15, 11:13, 17:4, 17:9, 17:25
**Tonnemacher** [1] - 14:22
**transcript** [2] - 19:4, 19:15
**TRANSCRIPT** [1] - 1:13

**trial** [8] - 5:2, 6:10, 6:11, 6:19, 6:24, 8:5, 14:6
**trier** [1] - 8:23
**true** [1] - 19:3
**try** [1] - 17:16
**trying** [3] - 9:19, 11:3, 13:21
**turn** [1] - 9:1
**turning** [2] - 10:8, 11:25
**two** [5] - 4:23, 6:20, 7:7, 13:18, 17:19
**TX** [1] - 2:5

### U

**ultimate** [1] - 5:11
**ultimately** [2] - 8:23, 15:18
**unable** [1] - 10:16
**unaware** [3] - 15:11, 15:17, 16:8
**under** [3] - 14:17, 14:22, 16:12
**undisputed** [4] - 6:18, 6:23, 14:15, 14:16
**unfair** [1] - 15:22
**UNITED** [2] - 1:1, 1:17
**up** [3] - 9:18, 10:2, 15:15

### V

**Vaughn** [1] - 2:17
**via** [1] - 19:8
**videoconference** [1] - 19:8
**VOORHEES** [1] - 2:16

### W

**Washington** [2] - 2:13, 2:22
**weeks** [3] - 17:14, 17:18, 17:19
**Westland** [8] - 5:24, 6:14, 7:1, 8:7, 8:14, 12:19, 12:22, 13:19
**Westland's** [2] - 7:3, 7:22
**witnesses** [1] - 6:11
**written** [9] - 9:10, 9:12, 9:20, 11:10, 11:13, 12:4, 12:24, 13:2, 16:19

### Y

**YIM** [1] - 1:16

**YOU** [1] - 1:16
**YOULEE** [1] - 1:16