UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ERIK MATTSON, individually and on behalf of
all others similarly situated,

        Plaintiff,

   v.

ROCKET MORTGAGE, LLC,

        Defendant.

Case No. 3:18-cv-00989-YY

FINDINGS AND
RECOMMENDATIONS

YOU, Magistrate Judge.

## FINDINGS

This case is one of three similar cases that plaintiff Erik Mattson has brought against defendants Rocket Mortgage, LLC[1] (this case), New Penn Financial, LLC (No. 3:18-cv-00990-YY), and United Mortgage Corporation (No. 3:18-cv-00996-YY). In each case, plaintiff brought a purported class action claim alleging that defendant made telephone solicitations in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA"). As the proposed class representative in this case, plaintiff asserts that defendant Rocket Mortgage made calls to a

---

[1] The complaint was originally brought against "Quicken Loans., Inc." *See* ECF 1. Defendant changed its name to "Quicken Loans, LLC" in May of 2020, Notice of Name Change (May 6, 2020), ECF 77, and then changed its name again to "Rocket Mortgage, LLC" in August of 2021. Notice of Name Change (Aug. 11, 2021), ECF 94.

1 – FINDINGS AND RECOMMENDATIONS

cellular telephone number ending in -1930 (the "subject number") in September and November of 2017 and thus violated Federal Communication Commission regulations, specifically 47 C.F.R. § 64.1200(c) because the subject number was on the national do-not-call registry. *See* Compl. ¶¶ 36–50, ECF 1.

Currently pending is defendant Motion to Deny Class Certification (ECF 109). Recently, the court granted a similar motion in favor of the defendant in *New Penn* because there was a question of fact as to whether plaintiff's subject number was a residential or business number, and thus plaintiff could not satisfy the typicality and commonality requirements under Federal Rule of Civil Procedure 23. *See Mattson v. New Penn Fin., LLC*, No. 3:18-cv-00990-YY, 2023 WL 8452659, at *4 (D. Or. Oct. 12, 2023), *report and recommendation adopted,* No. 3:18-cv-00990-YY, 2024 WL 21568 (D. Or. Jan. 2, 2024). The same factual dispute exists in this case and thus for the same reasons stated in *New Penn*, defendant's motion should be granted.[2]

**I.    Class Action Certification Standard**

"Class actions are governed by Federal Rule of Civil Procedure 23." *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). The party seeking to certify a class bears the burden to establish the four requirements under Rule 23(a) and at least one requirement under Rule 23(b). *Id.* The Rule 23(a) requirements are commonly referred to as numerosity, commonality, typicality, and adequacy. *Lemons v. Walgreen Pharmacy Servs. Midwest, LLC*, No. 3:21-cv-00511-MO, 2024 WL 3272974, at *2 (D. Or. July 1, 2024). The court has discretion to grant or deny class certification. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009). But "[w]hile the trial court has broad discretion to certify a class, its discretion

---

[2] Largely identical Findings and Recommendation are being issued concurrently in *Mattson v. United Mortgage, LLC*, No. 3:18-cv-00996-YY.

must be exercised within the framework of Rule 23." *Zinser*, 253 F.3d at 1186. "The United States Supreme Court requires district courts to engage in a 'rigorous analysis' of each Rule 23(a) factor when determining whether plaintiffs seeking class certification have met the requirements of Rule 23." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 980 (9th Cir. 2011) (quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161 (1982)).

## II.    Discussion

As stated in *New Penn* "the question whether plaintiff's number is a residential or business phone number is not only fact-intensive but also hotly contested[.]" *New Penn*, 2023 WL 8452659 at *33 (internal quotation marks and citation omitted); *see also Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648, 658 (W.D. Tenn. 2020) ("The determination about whether any particular wireless subscriber is a residential subscriber is fact-intensive.") (simplified). And as in *New Penn*, plaintiff here cannot meet the typicality or commonality requirements of Rule 23(a) "because individual questions concerning whether he is a residential subscriber subject to the TCPA's protections will predominate the litigation." *New Penn*, 2023 WL 8452659 at *3 (citing *Koos v. First Nat. Bank of Peoria*, 496 F.2d 1162, 1164 (7th Cir. 1974)).

In responding to defendant's motion, plaintiff largely rehashes the same arguments that this court already rejected in *New Penn*—primarily that the Ninth Circuit's recent opinion in *Chennette v. Porch.com*, 50 F.4th 1217 (9th Cir. 2022), controls the outcome here. *See* Resp., ECF 113 at 8[3] ("This Court should deny Rocket Mortgage's Motion based on the *Chennette* precedent, as previously urged by [plaintiff] in the New Penn class certification argument.").

---

[3] The undersigned judge's typical practice is to cite the page numbers of the document itself and not to the page numbers assigned by the court's electronic filing system once the document is docketed. Here, however, every page on plaintiff's Response is erroneously numbered "12" and thus the ECF page number citations are provided here for clarity.

3 – FINDINGS AND RECOMMENDATIONS

This argument, as explained in *New Penn*, misunderstands *Chennette*'s holding and its impact on the class certification question in plaintiff's cases. *Chennette* did not "put any perceived question over [plaintiff's] residential subscriber status to rest," as plaintiff asserts. *Id.*, ECF 113 at 7. Instead, the "presumption" that plaintiff continues to refer to is a rebuttable presumption that is used when determining a party's statutory standing to bring a claim under section 227(c) of the TCPA, and nothing more. *See Chennette*, 50 F.4th at 1225–26 ("At the motion to dismiss stage and based on the particular allegations in the plaintiffs' complaint, plaintiffs' phones are presumptively residential for purposes of § 227(c). We therefore conclude that these plaintiffs have standing to sue under § 227(c)."). The *Chennette* court made clear that a defendant could then rebut the presumption after conducting discovery, and that the subsequent analysis of whether a mixed-use number was actually residential must consider the totality of the facts and circumstances about how the plaintiff actually used the number. *Id.* at 1226.

*Chennette* was not a class action and therefore the analysis there did not touch on any issues related to the requirements under Rule 23 for class certification. To the extent *Chennette* established a presumption that applies at the pleading stage to determine whether a plaintiff has stated a claim, the case plainly does not stand for the proposition that the presumption carries through the case as an established fact, or somehow subsumes Rule 23's typicality, adequacy, or commonality requirements. *See New Penn*, 2023 WL 8452659 at *3 (D. Or. Oct. 12, 2023); *Payne v. Sieva Networks, Inc.*, No. 4:24-cv-00901-JST, 2024 WL 3585119, at *2 (N.D. Cal. July 29, 2024) ("[The plaintiff] would have the Court's analysis stop at the presumption that numbers on the [Do Not Call Registry] are residential. He ignores that the presumption can be rebutted, and what factors must be considered when determining whether a presumptively residential number falls outside the protections of the TCPA because it is actually a business line.")

(applying *Chennette*); *see also Ellis*, 657 F.3d at 980 ("The United States Supreme Court requires district courts to engage in a rigorous analysis of each Rule 23(a) factor when determining whether plaintiffs seeking class certification have met the requirements of Rule 23.") (simplified).

Plaintiff still bears the burden of establishing that he meets the adequacy, typicality, and commonality requirements under Rule 23. *Zinser*, 253 F.3d at 1186 ("[T]he party seeking class certification . . . bears the burden of demonstrating that [he] has met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)."). And, as in the *New Penn* case, plaintiff cannot meet the typicality or commonality requirements of Rule 23(a) because individual questions concerning whether he is a residential subscriber subject to the TCPA's protections still risk becoming a focus of this litigation and thus class certification is inappropriate. *See New Penn*, 2023 WL 8452659 at *3; *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) ("[C]lass certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation.").

Neither *Chennette* nor any of the other authorities plaintiff cites change that analysis. Similar to the plaintiff in *Hanon*, 976 F.2d at 508, whose "unique background" given his extensive involvement in securities litigation risked becoming a major focus of the purported class litigation, here the factual disputes about how the subject number was acquired, how it was used, by whom, and for what purpose, and how it was paid for are unique to plaintiff and carry the same risk. *See* Resp., ECF 113 at 5, 9 (citing *Hanon*); *see also McNichols v. Loeb Rhoades & Co.*, 97 F.R.D. 331, 335 (N.D. Ill. 1982) (finding that purported class representative's potential

reliance on oral misrepresentations by the defendant was a unique defense rendering action unsuitable for class certification); Resp., ECF 113 at 9 (citing *McNichols*).

And it is this unique fact situation that also distinguishes the present case from two other cases plaintiff cited where a TCPA class was certified and the claims were eventually resolved at trial. *See* Resp., ECF 113 at 10 (citing *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 655–56 (4th Cir. 2019); *Wakefield v. ViSalus, Inc.*, No. 3:15-cv-1857-SI, 2021 WL 602710, at *2–3 (D. Or. Feb. 16, 2021)). There was no dispute that the class representative's number in *Krakauer v. Dish Network L.L.C.* was a residential one. *See Krakauer v. Dish Network L.L.C.*, 311 F.R.D. 384, 388 (M.D.N.C. 2015), *aff'd,* 925 F.3d 643 (4th Cir. 2019) (granting motion for certification based on allegation that class representative's number was residential); *see also Krakauer*, 925 F.3d at 650 (describing "three factual disputes" that a jury resolved at trial, none of which addressed the residential or business number question). The defendant in *Wakefield* only raised the mixed-use number issue in regards to class certification after a jury had already heard evidence regarding the class representative's subject number and found it was a residential line. *Wakefield*, 2019 WL 3945243 at *2 (D. Or. Aug. 21, 2019); *see also Wakefield v. ViSalus, Inc.*, No. 3:15-cv-01857-BR, 2017 WL 11510073, at *8 (D. Or. June 23, 2017) (summarizing the parties' initial argument regarding class certification). This case presents a substantially different procedural posture. It is inevitable that plaintiff's efforts in this case will be focused solely on the factual dispute regarding the subject number because if it is determined that it was a business line, plaintiff cannot represent a TCPA class at all.

Finally, plaintiff again asserts that class-wide discovery is necessary before making any Rule 23 determination. Resp., ECF 113 at 10–11. That issue has been repeatedly raised—so many times, in fact, across these three cases that any effort to precisely account for the number

6 – FINDINGS AND RECOMMENDATIONS

would risk under-counting and would unnecessarily expend judicial resources—and rejected at every turn. It is not necessary to explain again why class discovery is not warranted here. Any further argument by plaintiff regarding the need for class discovery may lead to the imposition of sanctions. *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) ("Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' . . . That authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'") (citations omitted).

## RECOMMENDATIONS

Defendant's Motion to Deny Class Certification [109] should be granted.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Monday, September 30, 2024. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

//
//
//
//
//
//

7 – FINDINGS AND RECOMMENDATIONS

**NOTICE**

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED September 16, 2024.

                                                   /s/ Youlee Yim You
                                                   Youlee Yim You
                                                   United States Magistrate Judge